Tom Glen **ELLISON** et ux., Appellants,

v.

**PANHANDLE & SANTA FE RAILWAY COMPANY, Appellee.**

No. 6752.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 4, 1957.

Herrick & Ivy, Ed Reichelt, Fort Worth, for appellants.

Lewis Jeffrey, Amarillo, Richards & Ferguson, Dalhart, for appellee.

PER CURIAM.

A question of jurisdiction has arisen in this appeal because appellants' appeal bond was not filed by the clerk of the trial court within 30 days after the date of rendition of the judgment by the trial court, as required by Rule 356, Texas Rules of Civil Procedure, it appearing that the said appeal bond was filed in the trial court on July 1, 1957, while the trial court's judgment appears to have been rendered, "Pronounced and signed" on May 28, 1957. Ap-

pellant has sought to have the date of the entry of the trial court's judgment changed to June 4, 1957, which, if properly done, would have removed the jurisdictional question. Appellee has resisted appellants' efforts to change the date of entry of the trial court's judgment and has filed a plea to the jurisdiction upon the grounds previously herein stated.

The failure to file an appeal bond with the clerk of the trial court within 30 days from the date of the judgment is a jurisdictional question. Jordan v. Madison, Tex.Civ.App., 241 S.W.2d 193 and other authorities there cited. The court there held that an appeal bond not filed within 30 days after judgment was too late to confer jurisdiction on the Court of Civil Appeals for which reason the appeal was dismissed for want of jurisdiction. That was a judgment based on a jury verdict and an order overruling a motion for a new trial but the same rule applies in a non-jury case. The period of time fixed for filing of an appeal bond is shown in Rule 356 and such period can not be extended. The filing of an appeal bond within such a period is a prerequisite of an appeal and is jurisdictional. Garvin v. Hufft, Tex.Civ. App., 243 S.W.2d 391. Jurisdiction must be conferred upon an appellate court before it can do more than dismiss the appeal. Jurisdiction can not be conferred even by agreement or waived by an adverse party. Cox v. Payne, Tex.Civ.App., 231 S.W.2d 957.

In the case at bar appellants, Tom Glen Ellison and wife, Marie Ellison, sued appellee, Panhandle & Santa Fe Railway Company, for damages. Thereafter the parties agreed by stipulation that the trial would proceed only upon the issues of the doctrine of discovered peril, with all other matters waived. The case proceeded to trial before a jury, after which appellee's motion for an instructed verdict was sustained, which resulted in a "take nothing" judgment being entered against appellants and the trial court's judgment therein was

"Pronounced and signed this the 28th day of May, 1957." Thereafter appellants presented the record for appeal to this Court, which revealed an appeal bond filed in the trial court on July 1, 1957, which was 34 days after the date of the trial court's judgment. The clerk of this Court declined then to accept the record for appeal because the appeal bond had not been filed within 30 days from the date of judgment as required by Rule 356.

Thereafter appellants filed a motion in the trial court on September 9, 1957, seeking to have a nunc pro tunc order entered by the trial court showing the judgment entered in the trial court on June 4, 1957, and furnished a suggestive form of judgment for the use of the trial court. The trial court, using the said form furnished by appellants, signed and filed the same as a subsequent judgment. The latter purported judgment is an exact copy of the former judgment entered, using the same language verbatim and nothing more, except finally the first judgment recites "Pronounced and signed this 28th day of May, 1957," while the purported judgment last signed by the trial court recites "Signed in Chambers at Dalhart, Texas, on September 7, 1957, to be effective and entered as of June 4, 1957." A supplemental transcript showing appellants' motion and latter acts of the trial court were presented along with the record for filing in this Court, as a result of which the clerk of this Court filed the entire record for appeal.

Nowhere does the latter form of judgment signed by the trial court refer to appellants' motion for judgment nunc pro tunc; nowhere does it use the phrase "nunc pro tunc" or pretend to be entered in lieu of the original judgment; nowhere does the same show any correction of any alleged error in the original judgment entered and nowhere does it set aside or vacate the original judgment entered or attempt to do so.

It is our opinion that a purported nunc pro tunc entry of judgment is er-

roneous and of no value where it fails to disclose the ground on which the court acts or what the entry intended to correct and that it has failed to accomplish its purpose unless it shows some reason for its entry and unless it shows that it had been entered "now for then" or in lieu of a former judgment, which former judgment must in some manner be vacated and set aside, otherwise there will be two judgments entered in the same case. Such requirements have not been met by the terms of the last purported judgment entered by the trial court in connection with the matters pending here, leaving two judgments exactly alike, except only for the dates rendered, signed and filed, in the case sought to be appealed.

In the case of Mullins v. Thomas, 136 Tex. 215, 150 S.W.2d 83, 84, the Commission of Appeals, with the approval of the Supreme Court, said in part:

"The Court of Civil Appeals correctly states that the rule is well settled that the entry of a second judgment in the same case is not a vacation of the first, and that if there is nothing to show the first was vacated, the second is a nullity. See authorities cited in the opinion in support of the statement. 127 S.W.2d [559] 561, 562."

The same rule was cited with approval in the case of Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705, 708–709, and has been uniformly followed.

For the reasons stated and under the authorities cited, the last purported judgment signed by the trial court "on September 7, 1957, to be effective and entered as of June 4, 1957," is a nullity and of no value, leaving only the original judgment signed by the trial court on May 28, 1957, controlling.

For the reasons stated, appellee's plea to the jurisdiction is sustained and the appeal is dismissed for want of jurisdiction.