**CHEROKEE WATER COMPANY, Petitioner,**

v.

**The Hon. Donald R. ROSS, Judge, et al., Respondent.**

No. C–4333.

Supreme Court of Texas.

Oct. 30, 1985.

Wellborn, Houston, Adkison, Mann & Sadler, Gordon Wellborn, Henderson, McGinnis, Lochridge & Kilgore, Lloyd Lochridge, John W. Stayton and Jill Beckett Cochran, Austin, for petitioner.

T.A. Bath and Dean Turner, Henderson, Jackson, Walker, Winstead, Cantwell & Miller, D.L. Case, Dallas, for respondent.

PER CURIAM.

This is an original action for writ of prohibition and writ of mandamus.

This is the second time that Cherokee Water Company has come before this court. The first time was in *Cherokee Water Co. v. Forderhause, et al.*, 641 S.W.2d 522 (Tex.1982) (*"Cherokee I"*). Cherokee initiated the original action, designated No. 78–314, for a declaratory judgment and specific performance based on a deed giving it as grantee a preferential right to purchase the minerals of the subject land in the event of a sale of the minerals. Cherokee contended that the mineral owners' execution of an oil and gas lease was a "sale" within the meaning of the deed. The current proceeding has its beginnings in the procedural machinations undertaken in this first action.

Both plaintiff Cherokee and the first group of defendants filed motions for summary judgment on the legal construction of the preferential right of purchase early in the case. This first group of defendants also filed a counterclaim for reformation. The trial court interlocutorily granted Cherokee's motions for summary judgment, and denied defendants'. In October of 1979, the trial court ordered that defendants' counterclaim for reformation be severed and docketed as No. 78–314–A.

Subsequently, Cherokee amended its original petition to add new defendants. On March 13, 1980, one day before a scheduled summary judgment hearing, defendants filed an answer asserting assorted defenses, and a counterclaim for reformation. On March 14th, the day of the hearing,

Cherokee filed its opposition to and motion to strike the March 13th answer, asking that it not be considered in connection with the pending motions for summary judgment.

On May 15, 1980, the court issued its "Orders and Final Judgment." Besides granting Cherokee's motion regarding the construction of the deed and denying defendant's motions, the "Final Judgment" provided that Cherokee's opposition to and motion to strike the answer was granted "to the extent that" the March 13, 1980 answer "would not be considered" in connection with the pending motions for summary judgment. The counterclaim for reformation, however, was ordered severed and transferred to No. 78–314–A, the cause previously established by the trial court. The judgment declared void certain leases granted by defendants to third parties and set up a procedure for specific performance of Cherokee's right of purchase.

The court of appeals reversed, but this court reversed the court of appeals, and affirmed the trial court. We held (1) that the language of the deed was not ambiguous and that an oil and gas lease was a "sale" which triggered the preferential right of purchase, and (2) that the trial court did not abuse its discretion by severing the counterclaim for reformation from the original declaratory judgment action. The judgment of this court read:

> The judgment of the Court of Appeals is therefore reversed, and the judgment of the trial court affirmed. It may proceed with the severed matter, the action for reformation.

641 S.W.2d at 526. Thus, the original action for declaratory judgment, No. 78–314, was at an end, and only the claim for reformation, No. 78–314–A, remained. The new trial Judge, the Honorable Donald A. Ross, and the defendants in the original action, however, disagree.

In an order of April 29, 1985, Judge Ross granted defendants' motion to consolidate Cause No. 78–314, the original action, with Cause No. 78–314–A, the severed claim for reformation "for purposes of trial." He also announced from the bench his intention to set the consolidated cause for trial. Judge Ross, as his response explains, was of the opinion that the original trial judge intended to decide only the "strictly legal" question of how the deed was to be construed—and not the "factual" questions raised by the defenses asserted in the March 13, 1980 answer. Cherokee subsequently filed this original proceeding for writs of mandamus and prohibition. Cherokee contends that Judge Ross and defendants are attempting to redetermine issues necessarily and finally determined in *Cherokee I.* We agree.

■■■ The contention that the defenses asserted in the March 13th answer were meant to be, or should have been, reserved for later determination amounts to an implicit attack on the finality of the trial court judgment, and upon the jurisdiction of the appellate courts, in the original action. An appeal lies from a final summary judgment, but for a summary judgment to be final, it must dispose of all issues and parties. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984). A summary judgment which does not dispose of all parties or issues remains interlocutory without a formal severance of the unadjudicated issues or parties. *Id.* Unless there is a statute specifically authorizing an interlocutory appeal, the Texas appellate courts have jurisdiction only over final judgments. *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). We have held that our rendition of a judgment on the merits implies a decision by this court that it had jurisdiction of that which was adjudged. *Humble Oil & Ref. Co. v. Fisher,* 152 Tex. 29, 253 S.W.2d 656, 661 (1952).

Moreover, the "Orders and Final Judgment" in the original action showed ample indicia of finality. The trial court's intention to dispose of all pending issues is evidenced by the labeling of the judgment as "final," the language granting Cherokee's motion to strike, and by the severance of the counterclaim for reformation. In the situation before us, construction of

the judgment as a whole, in light of the record, would lead to the conclusion that the defenses were necessarily and finally determined. The time to attack the propriety of that determination was upon direct appeal, not in what amounts to a subsequent collateral attack.

By its pleadings, motions, and responses, defendants have evidenced their intent to relitigate the defensive issues necessarily determined in *Cherokee I.* The trial court has also evidenced its intent to allow relitigation of these defenses by denying Cherokee's opposition to the consolidation, and indicating its intention to set the consolidated case for trial. The actions of Judge Donald A. Ross are thus contrary to the opinion and mandate of this court in the prior appeal. When the opinion and mandate of this court prohibit relitigation of some issues on remand, or direct that only some expressly severed issues or causes may still be litigated, and the parties and trial court attempt relitigation beyond that which was expressly permitted, a writ of prohibition will issue to prohibit relitigation. *City of Orange v. Clark,* 627 S.W.2d 146 (Tex.1982).

The trial court's interference with the prior judgment of this court conflicts with the decisions of this court in *City of Orange, Fisher,* and *North East.* Mandamus will issue to correct the trial court's order on consolidation, and a writ of prohibition will issue to prevent relitigation. The trial court may proceed only with the claim for reformation.

Without hearing oral argument, we conditionally grant the writs of mandamus and prohibition against Judge Donald A. Ross. TEX.R.CIV.P. 483. The writs will issue only if he fails to comply.