Emerson v. Borland 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-237-CV





ERNEST EMERSON, QUAY WOOD, BRIAN McRAE, GLENN ZOCH


AND LEWIS di DONATO,



 APPELLANTS


vs.





H. SCOTT BORLAND,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 435,470, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING 



 




 This is a suit for damages against five employees of the State Fire Marshall's Office
arising out of the arrest of Scott Borland by the Trinity County Sheriff's Department in January
1986. Appellants, the employees, moved for summary judgment based on theories of quasi-judicial immunity to Borland's state-law claims and federal qualified immunity to Borland's
federal claims. The trial court denied the motion for summary judgment. Appellants come before
this Court pursuant to section 51.014(5) of the Texas Civil Practice and Remedies Code, which
permits appeal from an interlocutory order of a district court that denies a motion for summary
judgment based on an assertion of immunity by an officer or employee of the state. Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(5) (West Supp. 1992).

 The Legislature amended section 51.014 in 1989 to permit appeal from an
interlocutory order denying summary judgment based on an assertion of immunity. Section 2 of
the 1989 amendatory act provides: "This Act applies only to suits first filed on or after the
effective date of this Act." Act of June 14, 1989, 71st Leg., R.S., ch. 915, § 2, 1989 Tex. Gen.
Laws 3946, 3947 (emphasis added). The effective date of the amendment was June 14, 1989. 
This suit was first filed on January 26, 1988, nearly 18 months before the effective date of section
51.014(5). Consequently, section 51.014(5) does not apply to this suit. We have no jurisdiction
over an appeal from a trial court's interlocutory ruling unless such order is specifically made
appealable by statute. Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985). Since
section 51.014(5) is appellants' sole basis for invoking this Court's jurisdiction and it is
inapplicable, we dismiss the appeal for want of jurisdiction.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Dismissed for Want of Jurisdiction

Filed: October 14, 1992

[Publish]