NO. 07-00-0555-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2001

______________________________

WINNIE IMOGENE RICHIE, APPELLANT

V.

BAPTIST ST. ANTHONY’S HOSPITAL CORPORATION

FORMERLY KNOWN AS HIGH PLAINS BAPTIST HOSPITAL; AND

BAPTIST ST. ANTHONY’S HEALTH SYSTEM FORMERLY

HIGH PLAINS BAPTIST HOSPITAL, APPELLEES

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 84,792-E; HONORABLE ABE LOPEZ, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Winnie Imogene Richie appeals the dismissal of her suit against appellees Baptist St. Anthony’s Hospital Corporation, formerly known as High Plains Baptist Hospital; and Baptist St. Anthony’s Health System, formerly High Plains Baptist Hospital, because an expert report complying with 
Tex. Rev. Civ. Stat. Ann
. art. 4590i, § 13.01 was not timely filed.  We dismiss for lack of jurisdiction.

BACKGROUND

On April 29, 1998, suit was filed in the 108th
 District Court of Potter County (the trial court) on behalf of appellant against High Plains Baptist Hospital and Baptist St. Anthony’s Health System, formerly High Plains Baptist Hospital, appellees.  The suit alleged medical negligence causes of action.  An amended pleading was filed on June 9, 1998, which re-named the defendant hospital as Baptist St. Anthony’s Hospital Corporation, formerly known as High Plains Baptist Hospital, maintained the health system as a defendant, and attached an affidavit from John J. Bergan, M.D., as an exhibit.  The affidavit of Dr. Bergan undertook to express his opinion as to what allegedly caused personal injuries to appellant during the course of her medical treatment and hospitalization.

On April 6, 2000, appellees filed a motion requesting dismissal of the suit pursuant to 
Tex. Rev. Civ. Stat. Ann
. art. 4590i, § 13.01 (Vernon Supp. 2001).  Following a hearing, the motion was granted by Order of Dismissal signed on July 31, 2000, and filed on August 1, 2000.  On August 18, 2000, appellant filed a request for findings of fact and conclusions of law.  On August 30, 2000, appellant filed a Motion to Reconsider and Reinstate and Motion for New Trial.  On October 26, 2000, the trial court held a hearing on appellant’s Motion to Reconsider and Reinstate and Motion for New Trial, as well as a motion by appellant seeking an extension of time to file an expert report.  On November 20, 2000, the trial judge signed an order denying appellant’s Motion to Reconsider and Reinstate and Motion for New Trial.  On December 8, 2000, appellant filed a Notice of Appeal.  

Pursuant to 
Tex. R. App. P.
 42.3,
(footnote: 1) we requested the parties to submit briefs on the issue of this court’s jurisdiction over the appeal.  Appellant submitted a response to our request by which she asserted that her notice of appeal was timely filed because it was filed within 30 days of November 20, 2000, when the trial court signed its order overruling her Motion to Reconsider and Reinstate and for New Trial, and when she asserted the time for perfecting appeal began to run.  Appellant also noted that (1) appellee has not challenged this court’s jurisdiction, (2) by letter dated January 8, 2001, appellee corresponded with the trial court concerning proposed findings of fact and conclusions of law and (3) the trial court continues to have jurisdiction to enter findings of fact and conclusions of law, thus her December 8th
 Notice of Appeal not only was timely, but was actually filed prematurely.  Because we conclude that our jurisdiction was not timely invoked, we dismiss the appeal.  
 

LAW

Jurisdiction of a court exists by reason of the Constitution and such valid laws and rules as may be enacted thereunder.  
Nevitt v. Wilson
, 116 Tex. 29, 285 S.W. 1079, 1084 (1926).  
Subject-matter jurisdiction may not be vested in a court by agreement between the parties.  
Nevitt
, 116 Tex. at 38, 285 S.W. at 1084; 
Ellison v. Panhandle & Santa Fe Ry. Co.
, 306 S.W.2d 909, 910 (Tex.Civ.App.--Amarillo 1957, no writ).
  Nor can subject-matter jurisdiction be created by an adverse party waiving a challenge to jurisdiction.  
Ellison
, 306 S.W.2d at 910.  

When a trial court disposes of all parties and issues in a pending suit by order or judgment, then such an order or judgment is “final” for purposes of appeal.  
See
 
Cherokee Water Co. v. Ross
, 698 S.W.2d 363,
 365 (Tex.1985)
.   Generally, the appropriate manner in which to attack such a final order or judgment 
is by direct appeal.  
See
 
id
. at 366.  

In a civil case, appeal is perfected by timely filing a notice of appeal.  
TRAP
 25.1(a).  To be timely, 
notice of appeal must be filed within 30 days after the judgment being appealed from is signed, with certain exceptions.  TRAP 26.1.  As relates to the matter before us, an exception exists when any party timely files a motion for new trial or request for findings of fact and conclusions of law, if findings and conclusions either are required by the Rules of Civil Procedure, or, if not required, could properly be considered by the appellate court
.  
TRAP
  26.1(a)(1),(4).
(footnote: 2)  In either such situation
 the notice of appeal must be filed within 90 days after the judgment is signed.  
TRAP
  26.1(a). 

The time for filing a notice of appeal may be extended for 15 days under certain circumstances. 
TRAP
 26.3. 
 Once the period for granting a motion for extension of time has passed, however, a party’s attempt to appeal will not invoke the appellate court's jurisdiction to determine the merits of the appeal.  
See
 
Verburgt v. Dorner
, 959 S.W.2d 615, 
617 (Tex. 1997) (interpreting former TRAP 41(a)(2)). 

If the notice of appeal is not filed timely, the appellate court’s jurisdiction is invoked only to the extent that the court may determine its lack of jurisdiction and dismiss the appeal.  
See
 
In re Simpson
, 932 S.W.2d 674, 679 (Tex.App.--Amarillo 1996, no writ).
  Any other action taken by a court without jurisdiction is a nullity.  
See
 
id
.; 
In re Frost
, 815 S.W.2d 890, 892 (Tex.App.--Amarillo 1991, no writ)(when a court lacks jurisdiction, any action taken is void).  Accordingly, courts must address questions of jurisdiction both 
sua sponte
 and when raised by the parties.  
Buffalo Royalty Corp. v. Enron Corp
., 906 S.W.2d 275,
 277 (Tex.App.--Amarillo 1995, no writ).
  
 
 
 
 

ANALYSIS

The trial court’s Order of Dismissal signed on July 31, 2000, disposed of all parties and issues.  It was a final order for purposes of appeal.  
See
 
Cherokee Water Co
.,698 S.W.2d 
at 365
.
  Appellant timely filed a motion for new trial.
(footnote: 3)  Her notice of appeal, however, was filed on December 8, 2000.  That date was not within either the 90-day period after the order of dismissal was signed, or within the subsequent 15-day period for which an extension of time to file the notice of appeal
 could have been granted.  
See
 TRAP 26.1(a)(1), TRAP 26.3; 
Verburgt
, 959 S.W.2d at 617.  The notice of appeal was not timely filed, therefore, our jurisdiction was not timely invoked to consider the merits of the appeal. 

If our jurisdiction was not timely invoked, actions by appellees which might be asserted as waiving the right to challenge our jurisdiction
 do not give us jurisdiction to consider the merits of the appeal. 
Ellison
, 306 S.W.2d at 910.
  Nor does existence of the trial court’s continuing power to enter findings of fact and conclusions of law negate the time periods during which appeal must be perfected from a final trial court order dismissing a case. The Rules of Civil Procedure do not preclude the trial court from belatedly filing findings of fact and conclusions of law.  
See
 
Robles v. Robles
, 965 S.W.2d 605, 610 (Tex.App.--Houston [1st Dist.] 1998, pet. denied); 
Jefferson County Drainage Dist. v. Lower Neches Valley Auth.
, 876 S.W.2d 940, 959-60 (Tex.App.--Beaumont 1994, writ denied); 
Morrison v. Morrison
, 713 S.W.2d 377, 380 (Tex.App.--Dallas 1986, writ dism’d).  The trial court may file additional findings and conclusions even after it loses plenary power to affect the judgment.  
See
 
Robles
, 965 S.W.2d at 611.

CONCLUSION

Appellant did not timely file her notice of appeal.  We dismiss the appeal for lack of jurisdiction.  
Tex. R. App. P
. 39.8, 43.2(f). 

Phil Johnson

    Justice

Do not publish. 

FOOTNOTES
1:
Further reference to a rule of appellate procedure will be by reference to “TRAP_.”

2:
Merely filing a request for findings of fact and conclusions of law may not affect the time during which an appeal can be perfected.  
See
 
WISD Taxpayers Ass’n v. Waco Indep. School Dist
., 912 S.W.2d 392 (Tex.App--Waco 1995, no pet.).

3:
We express no opinion as to whether, based on the record before us, appellant’s request for the trial court to file findings of fact and conclusions of law would have extended the time for filing notice of appeal under provisions of TRAP 26.1(a)(4).