NO. 07-01-0314-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 5, 2001

_____

IN THE MATTER OF THE MARRIAGE OF
NORMAN JAMES RIEDMUELLER AND JEANNE JONES RIEDMUELLER

_____

FROM THE 245TH DISTRICT COURT OF HARRIS COUNTY;

NO. 92,29313; HONORABLE ANNETTE GALIK, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Jeanne Jones Riedmueller appeals from an order granting in part and denying in part a Motion for Partial Summary Judgment filed by appellee Norman James Riedmueller. We dismiss for lack of jurisdiction.

BACKGROUND

Appellant and appellee were divorced in March, 1995.[1] As part of the divorce, a property settlement agreement was entered into and approved by the trial court. Appellant

_____

[1]The clerk's record is abbreviated. Some of the facts have been extracted from the pleadings of the parties, and are insofar as our disposition is concerned, undisputed.

subsequently sued appellee, alleging various causes of action. At bottom, the suit was because of appellee's alleged conduct in failing to comply with the agreement incident to divorce. On April 16, 2001, appellant filed a Second Amended Original Petition seeking actual and exemplary damages, attorneys fees, costs, interest, and general relief. On May 30, 2001, a signed Judgment was filed which was stamped with the date of May 30, 2001, next to the signature of the trial judge. The trial court docket sheet shows a notation that an order was entered on May 30, 2001, and that ". . . case set for trial on all remaining issues. Trial set 9-10-01 @ 1:30 pm." Appellant filed Notice of Appeal from the order "signed on May 30, 2001."

On July 31, 2001, the Clerk's Record was filed with the appellate clerk. On August 16, 2001, appellee filed a Motion to Dismiss for want of jurisdiction. Appellee's motion urged that the order being appealed from was not a final order and that this court, therefore, lacked jurisdiction over the appeal. On August 27, 2001, appellant filed her response to the Motion to Dismiss. She requested that the Motion to Dismiss be denied, requested an extension of time to file a response brief, and in the alternative, requested that the appeal be abated pursuant to Tex. R. App. P. 27.2 so that she could secure a final order, should we determine that the May 30th order is not a final order. Appellant has subsequently filed a Motion to Extend Time to File Appellant's Brief.

LAW

In a civil case in which the judgment or amount in controversy exceeds $100, exclusive of interest and costs, an appeal from a final judgment may be taken to the court

2

of appeals. TEX.CIV.PRACT. & REM.CODE § 51.012 (Vernon 1997). Generally, an appeal may be taken only from a final judgment. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Appeal may be taken from interlocutory orders in certain instances authorized by statute. Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985); see, e.g., TEX.CIV.PRACT. & REM.CODE §§ 51.012, 51.014 (Vernon 1997).

A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. See Lehmann, 39 S.W.3d at 191; North East Independent School Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). In cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties. Lehmann, 39 S.W.3d at 192-93. To determine whether an order disposes of all pending claims and parties, it may be necessary for the appellate court to look to the record in the case. Lehmann, 39 S.W.3d at 205. But, if the language of the order is clear and unequivocal, it must be given effect. Id.

ANALYSIS

The order from which appellant seeks to appeal is not a final order. The order itself states that "This is not a final judgment." The order then continues and sets out matters still to be decided by the trial court under the pleadings. See id. Also, the docket entry on

3

May 30, 2001, specifically states that "remaining issues" are set for trial on September 10, 2001. We do not have jurisdiction over the appeal.

Texas Rule of Appellate Procedure 27.2 permits the appellate court to allow an appealed order that is not final to be modified so as to be made final, and therefore avoid having to dismiss the appeal. Appellant moves us to do so in this case. We decline the invitation. The record before us clearly indicates that the trial court considered the order of May 30, 2001, to only partially dispose of the matters pending in appellant's suit. It is also clear that the matters pending are more than perfunctory issues which can be procedurally cured by the trial court entering a clarifying or other similar order. The record reflects substantial matters still pending before the trial court which are yet to be resolved. We do not believe Rule 27.2 is intended to allow an appellate court to retain an appeal while the trial court, in effect, continues to resolve pending issues between the parties.

The order from which appellant has given notice of appeal is not a final judgment and is not appealable. We deny appellant's Motion to Extend Time to File Response Brief or in the Alternative to Abate to Allow Appellant to Reduce Order to Final Order. We also deny appellant's Motion to Extend Time to File Appellant's Brief. We dismiss the appeal for want of jurisdiction.

Phil Johnson
Justice

Do not publish.

4