NO. 07-02-0398-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 26, 2004

_____

IN THE MATTER OF THE MARRIAGE OF

JAMES D. DURHAM, JR. AND DEBORAH LYNN DURHAM

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 63,046-D; HONORABLE GORDON GREEN, JUDGE

_____

Before JOHNSON, C.J. and QUINN and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Deborah Lynn Durham Marino appeals from the final decree divorcing her from James D. Durham and, also, from the trial court's rulings on cross-motions for enforcement of the decree. We dismiss her appeal as to the decree of divorce for want of jurisdiction. The remainder of her appeal is abated and remanded for clarification of the trial court's orders.

BACKGROUND

On November 8, 2001, a decree of divorce was signed in the divorce proceeding between Deborah Lynn Durham (now Deborah Lynn Marino) and James D. Durham. A motion for new trial was timely filed and ruled upon. The record reflects no decree of divorce, or amended decree, other than the decree of November 8th. Nor does the record reflect a notice of appeal from the decree. Motions for enforcement and pleadings filed by Marino during the months following entry of the November 8th decree did not question the finality of that decree, but rather sought enforcement of it. In addition to seeking enforcement of the decree by her motions, Marino also claimed damages resulting from an alleged assault by Durham and sought the value of certain property which Durham allegedly concealed during pendency of the divorce.

On July 1, 2002, the trial judge signed separate orders ruling on Marino's motion for enforcement and on Durham's motion for enforcement. The order on Durham's motion contained a Mother Hubbard clause stating that, "All relief requested and not expressly granted is denied." The order on Marino's motion did not contain a Mother Hubbard clause. The order on Marino's motion specifically referenced Marino's affirmative claims for (1) additional property and damages, (2) damages for assault by Durham, and (3) partition of property. The order stated that the claims would not be heard "in this proceeding." Following entry of the July 1st orders, Marino filed a motion seeking either modification of the orders or a new trial. The motion was not acted upon by the trial court and she proceeded to file notice of appeal specifying that she was appealing from the two orders.

Appearing on appeal *pro se*, Marino presents three issues. Her first issue challenges the validity of the November 8, 2001 decree of divorce; her second issue challenges the July 1, 2002 order on Durham's motion for enforcement; and the third issue challenges the July 1, 2002 order on Marino's motion for enforcement.

ISSUE ONE: THE DECREE OF DIVORCE

In a civil case, appeal is perfected by timely filing a notice of appeal. See TEX. R. APP. P. 25.1(a).[1] To be timely, notice of direct appeal must be filed within 30 days after the judgment being appealed from is signed, with certain exceptions. TRAP 26.1. If a motion for new trial is timely filed, the notice of appeal must be filed within 90 days after the judgment is signed. TRAP 26.1(a). Once the time for perfecting an appeal has passed without an appellant timely filing documents showing a bona fide intent to appeal, an appellate court's jurisdiction can no longer be invoked and the appeal must be dismissed. See Verburgt v. Donner, 959 S.W.2d 615, 617 (Tex. 1997).

The divorce decree signed on November 8, 2001 disposed of all parties and issues. It was, therefore, a final order for purposes of appeal. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200, 205-06 (Tex. 2001); Cherokee Water Co. v. Ross, 698 S.W.2d 363, 365 (Tex. 1985). Marino timely filed a motion for new trial as to the decree. Her only notice of appeal, however, was filed on September 30, 2002.[2] The notice of appeal was not timely

---

[1] Reference to a rule of appellate procedure hereafter will be by reference to "TRAP_."

[2] As we have previously noted, the notice of appeal did not reference the November 8, 2001 decree as a judgment or order being appealed from. See TRAP 25.1(d)(2).

-3-

to perfect appeal from the decree, and we do not have jurisdiction to consider the merits of the appeal as to the decree. The appeal as to the November 8, 2001 decree of divorce will be dismissed for want of jurisdiction.

ISSUES TWO AND THREE:
THE MOTIONS FOR ENFORCEMENT

To be a final judgment from which an appeal may be taken, the judgment must dispose of all parties and all issues in the case. See Lehmann, 39 S.W.3d at 200, 205. Whether a judicial decree constitutes a final judgment must be determined from its language and the record in the case. Id. at 205-06. The inclusion of a Mother Hubbard clause–the statement, "all relief not granted is denied," or essentially those words–is not conclusive indication that a judgment is final for purposes of appeal. Id. at 203-04. If the record reveals the existence of parties or claims not mentioned in the order, the order is not final. Id. at 206.

Marino and Durham filed post-decree cross-motions under the original cause number for enforcement of the divorce decree provisions. The motions were heard at the same time, but were ruled upon via separate orders dated July 1, 2002. Under the circumstances, we consider and construe the orders together. In doing so, it appears that all parties and claims were mentioned in the orders, but we cannot discern whether the trial court intended the two orders to dispose of all claims, including Marino's claims for recovery of property and funds, damages, assault by Durham and partition of undivided property; whether Marino's claims were intended to, in some manner, be severed; or whether the trial

-4-

court intended to dispose of all claims except Marino's referenced claims, which the trial court intended to hear at another time. In other words, in reviewing the July 1st orders, we cannot determine whether the trial court intended the orders, in combination, to be a final disposition for purposes of appeal. See id. at 200, 206.

Accordingly we will abate that part of the appeal which challenges the trial court orders of July 1, 2002 and will remand to the trial court for clarification as to whether those orders were intended to dispose of all pending parties and claims. See id. at 206.

## CONCLUSION AND ORDER

That part of Marino's appeal which challenges the decree of divorce dated November 8, 2001 is dismissed for want of jurisdiction.

We abate Marino's appeal from the orders dated July 1, 2002 and remand as to those orders. The trial court is directed to give such notice to the parties and hold any hearings necessary, and to enter an order clarifying whether the court intended its orders dated July 1, 2002 to comprise a final disposition of all parties and claims. Absent request by the trial court for an extension of time, the trial court is directed to cause any hearings held to be transcribed and to cause the transcription of such hearings, if any, together with the trial court's clarification order and any other papers or proceeding records the trial court deems appropriate, to be included in a supplemental transcript and cause the supplemental transcript to be filed with the appellate clerk no later than November 16, 2004.

Per Curiam

-5-