NUMBER
13-05-141-CV 

 

                                      COURT OF APPEALS

 

                            THIRTEENTH DISTRICT OF TEXAS

 

                              CORPUS CHRISTI - EDINBURG

___________________________________________________________________

 

ROMAN BENAVIDEZ, III AND

NAOMI BENAVIDEZ,                                                                            Appellants,

 

                                                             v.

 

BILL
H. PEARL PRODUCTIONS, INC.,                                                        Appellee.

___________________________________________________________________

 

                               On appeal from the
214th District Court

                                           of Nueces
County, Texas.

___________________________________________________  _______________

 

                                 MEMORANDUM OPINION

 

                                       Before
Justices Hinojosa, Yañez, and Rodriguez 

                                                  Memorandum
Opinion Per Curiam 

 








This is a
permissive interlocutory appeal of three court orders, one granting summary
judgment on liability in favor of appellee, Bill H. Pearl Productions, Inc.,
one denying a motion for reconsideration filed by appellants, Roman and Naomi Benavidez,
and one sustaining appellee's objections to the affidavit of Eliborio
Diaz.  Although an agreed appeal,
appellee has moved for dismissal on the grounds that appellants are not
entitled to a permissive interlocutory appeal under 51.014(d) of the Texas
Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 51.014(d) (Vernon Supp. 2005).  We agree and dismiss this appeal.

The instant
appeal was filed by agreement pursuant to section 51.014(d) of the Texas Civil
Practice and Remedies Code.  See id.  Subsection (d) was added by the Texas
Legislature to allow for permissive interlocutory appeals.  See id.  However, the act that added subsection (d), applies
only to a suit that is commenced on or after the effective date of this
Act.  A suit that is commenced before the
effective date of this Act is governed by the law applicable to the suit
immediately before the effective date of this Act, and that law is continued in
effect for that purpose.  Id.
historical note (Vernon Supp. 2005) [Act of June 16, 2001, 77th Leg., R.S., ch.
1389, ' 3, 2001 Tex. Gen. Laws 2399, 3575.  The effective date of this legislation is
September 1, 2001.  See id.  The instant case was filed on April 12, 2001.








"A party may
not appeal an interlocutory order unless authorized by statute."  Bally Total Fitness Corp. v. Jackson,
53 S.W.3d 352, 352 (Tex. 2001) (quoting Cherokee Water Co. v. Ross, 698
S.W.2d 363, 365 (Tex. 1985) (per curiam)). 
When this suit was filed, permissive interlocutory appeals were not yet
authorized by statute.  The legislative
history clearly sets out that a suit filed before the effective date of the act
is governed by the law in effect at that time and that law continues.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(d) historical note (Vernon Supp.
2005) [Act of June 16, 2001, 77th Leg., R.S., ch. 1389, ' 3, 2001 Tex. Gen. Laws 2399, 3575]. Therefore,
although the parties have acted in good faith in an attempt to advance the
ultimate termination of the litigation, they are not entitled to a permissive
interlocutory appeal pursuant to section 51.014(d).

Accordingly,
appellee's motion to dismiss is GRANTED, and this permissive interlocutory
appeal is DISMISSED FOR WANT OF JURISDICTION.

 

PER CURIAM

 

Memorandum Opinion delivered and 

filed this 23rd day of November, 2005.