# NO. 12-09-00404-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIMMY BROWN HUMPHRIES, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF MAMIE RUTH HUMPHRIES HENDERSON, DECEASED, APPELLANT* | § | *APPEAL FROM THE 294TH* |
| | § | *JUDICIAL DISTRICT COURT OF* |
| *V. MARVIN WAYNE HUMPHRIES AND TOMMY M. HUMPHRIES, APPELLEES* | § | *VAN ZANDT COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant Jimmy Brown Humphries, individually and as executor of the estate of Mamie Ruth Humphries Henderson, deceased, attempts to appeal an order granting summary judgment in favor of Appellees Marvin Wayne Humphries and Tommy M. Humphries. The order does not dispose of all parties and issues in the case and therefore is not a final judgment. *See Sultan v. Mathew*, 178 S.W.3d 747, 751 n.6 (Tex. 2005). Although Appellant filed a motion for severance, the district clerk's record does not contain an order granting the motion.

The general rule is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Accordingly, on June 7, 2010, this court notified Appellant that the district clerk's record received in this appeal does not show the jurisdiction of this court in that the record does not contain a final judgment or other appealable order. Appellant was further informed that the appeal would be dismissed unless the district clerk's record was amended on or before July 7, 2010 to show the jurisdiction of this court.

In response to our June 7, 2010 notice, we received a supplemental clerk's record containing an agreed order of severance signed by the trial court on May 29, 2010. However, the supplemental clerk's record also includes an order signed on June 11, 2010 reconsidering and withdrawing the order of severance. Therefore, the order Appellant attempts to appeal is still interlocutory. An interlocutory appeal is permitted only if authorized by statute. *Cherokee*

1

*Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985). No such statute applies here. Accordingly, the appeal is ***dismissed*** for want of jurisdiction.

Opinion delivered July 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)