# NO. 12-10-00209-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BONNIE BURNETTE ERWIN,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *SHERIFF J.B. SMITH,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Appellant Bonnie Burnette Erwin was convicted of capital murder and assessed the death penalty (trial court cause number 7-84-174). This conviction was reversed and the cause remanded for a new trial. *See **Erwin v. State***, 729 S.W.2d 709, 717 (Tex. Crim. App. 1987)*.* The case was dismissed in 1989 without being retried. Erwin is currently serving a sentence of life without parole plus 105 years after being convicted in federal district court (trial court cause number CR 3-48-168-F) of several federal law violations including "Continuing Criminal Enterprise." The kidnapping and murder that formed the basis for the capital murder conviction were considered in assessing punishment in the federal case.

Erwin contends that he was wrongfully convicted of capital murder and is entitled to compensation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 103.001–.154 (Vernon 2005 & Supp. 2009). He filed a civil rights action to establish his alleged wrongful conviction. He also filed a motion requesting a court appointed attorney and a second motion requesting a court appointed attorney to file a petition for compensation. The trial court denied each motion by a written order signed on June 14, 2010, and Erwin filed a notice of appeal.

Unless a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985). No statute authorizes the appeal, prior to final judgment, of the orders denying Erwin's motions for appointment of counsel. Therefore, we are without jurisdiction to consider the appeal.

On July 1, 2010, this court notified Erwin, pursuant to Texas Rule of Appellate Procedure 37.2, that the information received in this appeal does not contain a final judgment or other appealable order. Erwin was further informed that the appeal would be dismissed if the information received in the appeal was not amended on or before August 2, 2010 to show the jurisdiction of this court. In response to this court's notice, Erwin filed a document that we have construed as an amended notice of appeal. However, this document does not establish the jurisdiction of this court.

Because Erwin has not shown the jurisdiction of this court, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 37.2, 42.3.

**BRIAN HOYLE**
Justice

Opinion delivered August 4, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)