

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00381-CV

_____

GREGORY WAYNE COON, Appellant

V.

VICTORIA JACOBS COON (THOMAS), Appellee

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-694810-21

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In this appeal involving a 1996 divorce decree, Appellant Gregory Wayne Coon complains that the trial court erred in granting judgment nunc pro tunc, refusing enforcement of the divorce decree, and awarding attorney's fees to Appellee Victoria Jacobs Coon (Thomas). Victoria[1] responds that, among other things, this court lacks jurisdiction because the order Gregory appeals from is not final. We agree and dismiss the appeal for want of jurisdiction.

## II. BACKGROUND

After the conclusion of the original divorce trial, the trial court sent a letter to the parties dated February 15, 1996, that stated in part, "Victoria is awarded 60% of her retirement benefits with the FDIC or elsewhere and Gregory is awarded 40% of such retirement benefits by Qualified Domestic Relations Order[.]" On April 17, 1996, the trial court signed the "Final Decree of Divorce" which stated that it was "judicially PRONOUNCED AND RENDERED on February 15, 1996." The divorce decree also stated that Victoria was awarded as her "sole and separate property" and Gregory was "divested of all right, title, interest and claim in and to," among other things,

---

[1]Because both parties had the same surname at times relevant to this appeal, we will refer to them by their first names.

[s]ixty percent of any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of [Victoria's] past, present, or future employment, including specifically the following retirement benefits with FDIC:

(1) Thrift Savings Plan; and

(2) FDIC Savings Plan.

The divorce decree also awarded Gregory as his "sole and separate property" and divested Victoria "of all right, title, interest and claim in and to"

[f]orty percent of any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of [Victoria's] past, present, or future employment, including specifically [Victoria's] following retirement benefits with FDIC:

(1) Thrift Savings Plan; and

(2) FDIC Savings Plan;

as more fully set forth in a Qualified Domestic Relations Order.

On August 16, 1996, the trial court signed two separate orders dividing Victoria's FDIC 401(k) Savings Plan and her Thrift Savings Plan. Neither the divorce decree nor the two orders mentioned Victoria's FDIC retirement benefits—the Federal Employee Retirement System (FERS) Pension.

3

On January 27, 2021, Gregory filed his "Petition for Enforcement of Property Division," alleging that Victoria retired from the FDIC in December 2019 and failed to comply with the divorce decree by paying him 40% of the retirement benefits.[2] In the petition, Gregory requested that the trial court award him "a money judgment, including prejudgment and postjudgment interest" against Victoria "for the previously unpaid payments to which [Gregory] is now entitled." In addition to seeking a money judgment, Gregory sought a clarifying order, if necessary, and a qualified domestic relations order partitioning 40% of Victoria's pension payments so that payments not satisfied by the money judgment would be paid directly to him. Finally, he sought attorney's fees, expenses, and costs.

After Victoria filed her answer, Gregory filed his motion for partial summary judgment, seeking summary judgment that (1) the divorce decree awarded him 40% of Victoria's retirement benefits existing at the time of the divorce and (2) Victoria's FDIC annuity and FERS Benefit Supplement—the FDIC Retirement—existed at the time of the divorce and were subject to the 60/40 division set out in the divorce decree. Victoria also filed for summary judgment, stating that she was entitled to judgment because "[b]oth the rendition and the [divorce] decree are unclear and ambiguous because they do not explicitly state the date of divorce for when the retirement accounts were divided and only mention two federal retirement benefits."

---

[2] *See* Tex. Fam. Code Ann. § 9.006.

4

Victoria requested that the trial court deny Gregory's enforcement petition because (1) the divorce decree is "ambiguous as a matter of law," (2) the "enforcement is insufficient as a matter of law," (3) the divorce decree "cannot be enforced as provided by federal law," and (4) the "enforcement is not valid as a matter of law[.]" Alternatively, she requested that the trial court "sign an order specifying the facts that are established as a matter of law."

After both motions for summary judgment were filed, Victoria filed a motion for judgment nunc pro tunc or alternative request for clarification of the divorce decree. In the motion, Victoria alleged,

> A clerical error exists in the Final Decree of Divorce; specifically, it references "future employment" when the rendition did not contain that language, the rendition was made as of February 15, 1996, which date is also referenced in the Final Decree of Divorce, and the orders dividing the FDIC 401k Savings Plan and Thrift Savings Plan both include February 15, 1996, as the date of divorce. Accordingly, the Court should correct the clerical error with a judgment nunc pro tunc or, alternatively, clarify the Final Decree of Divorce to specify the federal retirement benefits divided and the dates of marriage and divorce from which any retirement divided by the Court is calculated.

On October 21, 2021, the trial court heard Gregory's motion for partial summary judgment, Victoria's motion for summary judgment, and Victoria's motion for judgment nunc pro tunc or alternative request for clarification. At the conclusion of the hearing, the trial court stated,

> As to the summary judgment, the Court is going to deny the summary judgment request as well as find that there is a need for a clarification and the nunc pro tunc that is requested, declaring the date of the

5

disposition is as of February 16th - - 15th, 1996, is proper in this matter and grant that nunc pro tunc as well.

Having denied the summary judgment, granting the nunc pro tunc, the Court also finds there's a need for - - was a need for [Victoria] in this matter to hire counsel and grants the attorney's fees requested in the amount of $15,392.50.

On the same date, the trial court signed an order entitled "Order on Victoria Jacobs Thomas's Traditional Motion for Summary Judgment." The order states:

Court finds good cause exists to grant the Motion for Judgment Nunc Pro Tunc or Alternative Clarification.

IT IS ORDERED that the Motion for Judgment Nunc Pro Tunc or Alternative Clarification is granted, and the paragraph on page 26, paragraph (d), is corrected and clarified as follows:

VICTORIA JACOBS COON, Petitioner, is awarded the following as Petitioner's sole and separate property, and GREGORY WAYNE COON, Respondent, is divested of all right, title, interest, and claim in and to such property:
(d) Sixty percent of any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of Petitioner's employment as of February 15, 1996, including specifically the following retirement benefits with FDIC:
(1) Thrift Savings Plan;
(2) FDIC Savings Plan; and
(3) FERS Pension[.]

IT IS ORDERED that the paragraph on page 27, paragraph (c), is corrected and clarified as follows:

GREGORY WAYNE COON, Respondent, is awarded the following as Respondent's sole and separate property, and VICTORIA

6

WAYNE COON, Petitioner, is hereby divested of all right, title, interest, and claim in and to such property:

      (c) Forty percent of any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other right related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of Petitioner's employment as of February 15, 1996:

      (1) Thrift Savings Plan;
      (2) FDIC Savings Plan; and
      (3) FERS Pension

as more fully set forth in a Qualified Domestic Relations Order. The FERS Pension shall be divided pursuant to a Court Order Acceptable for Processing. . . .

The court finds that Respondent, VICTORIA JACOBS THOMAS, has incurred $15,392.50 as attorney's fees, which were necessary in this suit. It is ORDERED that Respondent, VICTORIA JACOBS THOMAS, be and is hereby awarded judgment against Petitioner, GREGORY WAYNE COON, in the amount of $15,392.50, for reasonable and necessary legal services rendered to Respondent, which judgment is awarded against Petitioner, plus post judgment interest at the rate of six percent (6%) per annum, for which execution shall issue.

Gregory filed his notice of appeal from this order.

In his three issues, Gregory contends that (1) the judgment nunc pro tunc worked a substantive rather than clerical revision to the divorce decree "and did so outside the plenary jurisdiction of the trial court"; (2) Texas case law requires that a final judgment be enforced literally, even if it results in the award of separate property to the other spouse; and (3) attorney's fees are not available in motions for nunc pro tunc. Among the arguments raised in her responsive brief, Victoria states that this court lacks jurisdiction over the appeal because Gregory's petition for enforcement

7

has not been ruled on and the order granting the motion for judgment nunc pro tunc is not a final order because "[n]o nunc pro tunc final decree of divorce has ever been signed replacing the original final decree of divorce." In his reply brief, Gregory responds that "though not best practice," the order entered is sufficient to constitute a final order nunc pro tunc because it contains "unambiguously decretal language stating that the decree is 'corrected and clarified as follows.'" He does not respond to the argument that his petition for enforcement is not addressed in the order from which he appeals.

## III. DISCUSSION

Whether a court has jurisdiction is a question of law, which we review de novo. *See Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) (citing *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011)). Generally, this court has jurisdiction only over final judgments and interlocutory orders from which an appeal is expressly authorized by statute. *Id.*; *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014(a); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. R. Civ. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law."). Because no statute authorizes an interlocutory appeal in this case, we look at whether the trial court's order is final for appellate purposes.

8

An order will be final for appellate purposes if its states with "unmistakable clarity" that it is intended as a final judgment as to all claims and all parties. *Lehmann*, 39 S.W.3d at 192–93. As we explained in *Wright v. Payne*,

> "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it" does. [*Lehmann*, 39 S.W.3d] at 205; *see also In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding) (quoting same). If the order's finality language is clear and unequivocal, we do not examine the record. *Elizondo*, 544 S.W.3d at 828, 829. However, if the order's language is ambiguous, we do examine the record to determine finality. *See Pope-Nixon v. Howard*, No. 05-18-01215-CV, 2019 WL 911745, at *1 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op.) (citing *Elizondo*, 544 S.W.3d at 827–28).

No. 02-19-00147-CV, 2019 WL 6003243, at *2 (Tex. App.—Fort Worth Nov. 14, 2019, no pet.) (mem. op.). Here, the trial court's order contains no express language of finality. *See Johnson v. Glenview Auto Fund, LLC*, No. 02-20-00369-CV, 2021 WL 3557078, at *3 (Tex. App—Fort Worth Aug. 12, 2021, no pet.) (mem. op.) (citing examples of finality language).

A judgment lacking clear finality language must actually dispose of all parties and all issues to be final. *Lehmann*, 39 S.W.3d at 195. As noted above, when necessary, we review the record to make this determination. *Id.* at 205–06. Here, the trial court's order does not address Gregory's petition for enforcement of property division. In that petition, Gregory sought a money judgment, attorney's fees, expenses, and costs. In addition, he "specifically request[ed] that the Court enter a qualified domestic relations order partitioning to [him] the 40% of payments under

9

[Victoria's] FERS pension, so that payments not satisfied by the money judgment . . .

are paid directly from the FERS administration to [him]."

 As Victoria summarizes in her brief,

> Gregory claims in his petition that Victoria has retired, that she has received retirement benefits, and that she has not paid Gregory his forty-percent share. Although Victoria was never ordered to make those payments herself, Gregory is still entitled to forty percent of Victoria's retirement benefits through the date of divorce, February 15, 1996. Gregory requested a money judgment for the unpaid amounts. If the trial court determines that Victoria was ordered to pay a portion of what she received to Gregory, then it could still order a money judgment. [Record citations deleted]

We agree. No order disposes of the issues set out in the petition for enforcement of property division. *See id.* at 195. Therefore, even if the order being appealed from is sufficient for purposes of a clarification order or nunc pro tunc order,[3] it does not dispose of all issues. Therefore, the order is not final, and this appeal must be dismissed. *See Khademazad v. Khademazad*, No. 05-19-00124-CV, 2019 WL 2865283, at *2 (Tex. App.—Dallas July 3, 2019, no pet.) (mem. op.) (appeal dismissed for want of

---

[3]While Victoria also contends that the order is not final because no nunc pro tunc final decree of divorce has been signed, we need not address this alternative argument. *See* Tex. R. App. P. 47.1; Tex. R. Civ. P. 306a(6), 316; *Ellison v. Panhandle & S. F. Ry. Co.*, 306 S.W.2d 909, 910–11 (Tex. App.—Amarillo 1957, no writ) (explaining procedure for entering nunc pro tunc judgment); *see also Lung v. Varga*, 400 S.W.2d 1, 3 (Tex. App.—Austin 1966, no writ) (dismissing an appeal for want of jurisdiction because a "purported nunc pro tunc entry of judgment" failed to show the reason for its entry and its entry in lieu of a former judgment); *but see Scott v. Lowe*, No. 05-94-000678-CV, 1995 WL 379319, at *4 (Tex. App.—Dallas May 30, 1995, no writ) (not designated for publication) (stating that it was not necessary for an order nunc pro tunc to contain the completeness and certainty of a final judgment because it merely clarified the final summary judgment).

jurisdiction where order appealed did not finally resolve all claims asserted in petition and counter-petition for enforcement of divorce decree).

## IV. CONCLUSION

Because the order from which Gregory attempts to appeal is neither a final judgment nor an appealable interlocutory order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Dana Womack

Dana Womack
Justice

Delivered: October 13, 2022