**B.H. JONES, Relator,**

v.

**The Honorable Gus J. STRAUSS, The Honorable B.B. Schraub, and Jack Colle, Respondents.**

No. C–9877.

Supreme Court of Texas.

Dec. 5, 1990.

Rehearing Overruled Jan. 23, 1991.

---

Ronald G. Byrnes, Allan R. Lazor, Houston, for relator.

Elizabeth Bloch, Austin, Philip Gates, Columbus, for respondents.

PER CURIAM.

This original prohibition proceeding concerns whether the trial court has evidenced an intention to allow litigation of issues precluded by our prior rendition of judgment. We conclude that the Honorable Gus J. Strauss, District Judge, has now indicated an intention to interfere with this court's prior opinion and judgment. We conditionally issue the writ of prohibition against Judge Strauss. Nothing in the record suggests that the Honorable B.B. Schraub has indicated he would allow litigation of precluded issues, and we decline to issue the writ against him. We hold respondent Colle has violated the writ of prohibition previously issued against him, and has induced Judge Strauss to err.

Some comments on the procedural history of this controversy are appropriate. This is the fourth time this matter has come before this court. The first time was an ordinary appeal by application for writ of error. The underlying suit involved the construction of a receivership lease for oil and gas. Both Jones and Colle moved for summary judgment. The trial court rendered summary judgment for Colle, and the court of appeals affirmed. We reversed the judgments of the lower courts and rendered judgment for Jones. *Jones v. Colle*, 727 S.W.2d 262 (Tex.1987). Jones thereafter demanded from Colle the accounting to which he was entitled under our judgment. Colle then filed a pleading seeking to assert, among other matters, certain defenses to Jones' right to the accounting. Jones then sought writ of prohibition from this court to prevent the litigation of such precluded issues. We issued the writ of prohibition against Colle, but declined to issue it against either judge because they had made no indication they intended to allow Colle to litigate the precluded matters. *Jones v. Strauss*, 745

S.W.2d 898 (Tex.1988). Colle next filed a motion for summary judgment to the accounting proceeding in which he asserted many of the same matters raised in the pleading that prompted us to issue the writ of prohibition. Jones again sought extraordinary relief from this court against Judges Strauss and Schraub, and respondent Colle. We issued an order reciting that the writ of prohibition against Colle was still in full force and effect, but that there had been no judicial action in the accounting proceeding and that extraordinary relief against the judges was premature. *Jones v. Colle*, 32 Tex.Sup.Ct.J. 349 (Apr. 26, 1989). In a hearing on Colle's motion Judge Strauss has now stated he will hear and consider some of the prohibited matters.

Rendition of a final judgment precludes not only those matters actually litigated, but also defensive matters that could have been set up by affirmative defense or compulsory counterclaim to defeat the relief sought in whole or in part. *Griffin v. Holiday Inns of America*, 496 S.W.2d 535, 537–39 (Tex.1973); *Ogletree v. Crates*, 363 S.W.2d 431, 435–36 (Tex.1963). Further, we disapprove of a trial judge's attempt to construe our judgments as addressing the "strictly legal" questions but not "factual" questions raised by subsequent defensive assertions, and we will issue the writ of prohibition to prevent a trial court from taking such liberties with our judgments. *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985).

Jones sought rendition of judgment that, by virtue of a February 12, 1982 deed from Curry, he owned an undivided 20.7 mineral acres out of a specific 49.34 acre tract; that the 49.34 acre tract was *not* covered by the receivership oil and gas lease in question; and that he was entitled to an accounting for production from that tract under those assertions of ownership. We rendered judgment for Jones. Defensive matters to defeat in whole or part or offset his claims are precluded by our prior judgment.

Judge Strauss has now indicated he will hear matters which are barred by our prior opinion and judgment. These matters include issues of ratification, estoppel, accord and satisfaction, and similar theories asserted by Colle.

In the accounting proceeding Colle has asserted that after Curry executed the deed to Jones, she intervened in the receivership proceeding and sued Jones for fraud. Colle alleges that Jones and Curry settled this dispute by agreed judgment dividing the funds Colle had paid into the registry of court as Curry's share under the receivership lease. He argues Jones therefore accepted benefits under the receivership judgment, that he is estopped to deny the receivership lease, that he has ratified terms and conditions of the receivership lease, and that his unleased portion under this court's judgment are subject to the ⅛ royalty provisions of the receivership lease rather than production rights from unleased mineral interest. All these assertions are defensive matters that should have been asserted in the original suit and are now barred. Our prior judgment that the 49.34 acre tract was not covered under the lease precludes these defensive matters through which Colle seeks to bind Jones to royalty interest only. Colle has further asserted that Jones' entitlement to an accounting begins on September 11, 1984, rather than February 12, 1982, again because Jones accepted benefits under the agreed judgment between Jones and Curry by accepting funds paid into the receivership proceeding. Colle alleges this amounts to "an accord and satisfaction" of accounting claims preventing Jones "from recovering any further sums for the period from February 12, 1982 through September 11, 1984." Such assertions should have been made defensively in the original suit. They are now barred from consideration as defensive matters to the accounting. The mathematical contortions which Colle seeks to apply to the production and expense figures through assertion of such barred defenses are erroneous and likewise barred.

Colle has also alleged the receiver's intention in executing the lease was to include the 49.34 acre tract. Mutual mistake

justifying reformation of the lease, and similar theories, should have been pleaded defensively and are now barred in the accounting proceeding.

Some facts relating to barred theories may also relate to one relevant matter. Curry executed the mineral and royalty deed to Jones of her interest in both the 68.72 acre and 49.34 acre tracts. The 68.72 acre tract was expressly covered by the receivership lease. The 68.72 acre tract was unitized with the 49.34 acre tract and another tract. Jones in his capacity as owner of the 68.72 acre tract, absent defensive matters not presented in this record, would appear to be bound by the receiver's consent to the unitzation. Jones in his capacity as owner of the 49.34 acre tract not covered by the lease necessarily did not join in the unitization of the tracts. We regard the question of what the proper accounting measure is, when one person through the same instrument of conveyance stands in such self-contradictory positions, to be a novel question of law. We are not persuaded that accounting on a unitized basis was necessarily a defensive matter that had to be raised to Jones' original contentions that the 49.34 acre tract was not covered by the lease and that Jones was entitled to an accounting based on an undivided mineral interest ownership of that tract. In the accounting proceeding the trial court is entitled to develop the facts on this unitization issue and rule on the proper accounting method.[1] Because the facts relating to the unitization issue are inextricably intertwined with the facts alleged to support estoppel and ratification, facts relating to the barred theories may properly be developed collateral to the unitization issue. But they may not be considered to support a barred defensive theory. Ratification, estoppel, partial accord and satisfaction, mutual mistake, and other theories which, if sustained, would in effect nullify this court's judgment that the 49.34 acre tract is not subject to the receivership lease and that Jones is entitled to his accounting as an undivided mineral interest owner (not a mere royalty owner) of the 49.34 acre tract, are barred in the accounting proceeding.

We have previously granted leave to file and issued a stay of further trial court proceedings. We deny writ of prohibition against Judge Schraub. The actions of Judge Strauss and Colle are contrary to this court's two prior opinions and three prior orders set forth above. Without oral argument a majority of the court conditionally issues the writ of prohibition against Judge Strauss. Tex.R.App.P. 122. The prior writ of prohibition against Colle remains in full force and effect.[2] We tax all costs against Colle. We direct further proceedings on the accounting in conformity with this opinion.

---

1. The accounting judgment, of course, may be appealed.

2. As we noted, our prior order in the second extraordinary proceedings in this matter recited that the writ of prohibition was still in full force and effect against Colle. Jones has not filed a motion for contempt against Colle and has sought only issuance of another writ of prohibition against him. Once this court has issued a writ of prohibition, it has jurisdiction to entertain a contempt motion for an alleged violation of the writ of prohibition. *Conley v. Anderson,* 164 S.W. 985, 986–87 (1913). Since Jones has not sought the contempt remedy and the necessary procedures for a contempt order have not been followed, a conclusion that Colle is in contempt of this court's order would be premature.