**Donna Douthitt JONES, et al., Relators,**

v.

**Honorable W.T. McDONALD, Jr., et al., Respondents.**

**No. 10–94–063–CV.**

Court of Appeals of Texas, Waco.

July 13, 1994.

Max E. Roesch and Michael J. Simmang, Michael J. Simmang, P.C. & Associates, Giddings, for relators.

Cactus Jack Cagle, Cagle and Associates, Houston, for respondents.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

This is an original proceeding for a writ of prohibition. Relators, Donna Douthitt Jones and her brother, Cameron Douthitt, seek to prohibit Judge W.T. McDonald, Jr., visiting judge of the 87th District Court, Cleathern Fuller,[1] and his attorney, Jack Cagle, from litigating issues that, if determined, will allegedly interfere with our judgment and mandate in *Jones v. Fuller*, 856 S.W.2d 597 (Tex.App.—Waco, 1993, writ denied). We deny the petition for the writ without prejudice to its refiling.

## WRIT'S AVAILABILITY

■ A writ of prohibition, whose purpose is to prohibit a lower court from unlawfully interfering with the enforcement of a higher court's judgments and orders, will not issue until the trial court evidences an intent to disturb or interfere with the higher court's judgment. *Compare Jones v. Strauss*, 800 S.W.2d 842, 843 (Tex.1990) (orig. proceeding) *with Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988) (orig. proceeding).

## PRIOR LITIGATION

Donna and Cameron sued Fuller and the Fuller 1991 Children's Trust in July 1991, seeking a declaratory judgment that they hold express easements across the Fuller tract under deeds from their father, B.D. Douthitt. They also sought injunctive relief, damages, and attorney's fees. Following a bench trial in May 1992, the court rendered a judgment that Donna and Cameron take nothing.

---

1. Fuller is sued individually and as trustee of the     Fuller 1991 Children's Trust.

Donna and Cameron appealed. We issued an opinion and judgment on April 21, 1993, but later withdrew and substituted for them an opinion and judgment dated June 16, 1993. In our final opinion we reversed the take-nothing judgment, severed the action for declaratory judgment from the claims for injunctive relief, damages, and attorney's fees, and then rendered a declaratory judgment that Donna and Cameron

> each have valid easements appurtenant across the property now owned by the Fuller 1991 Children's Trust; that the appurtenant easements are coextensive with the road beginning at the cattle guard and then along the green-line road to its intersection with the common boundary line of the Warrick Martin Survey and McGruder Survey.

*See Fuller,* 856 S.W.2d at 605. Finally, without specifying whose claims were being remanded, we remanded for trial the actions for injunctive relief, damages, and attorney's fees. However, our judgment and mandate both expressly stated that we remanded Donna's and Cameron's causes of action.

Before we withdrew our first opinion, Fuller and the Trust filed a cross-action against Donna and Cameron for a declaratory judgment, injunctive relief, and damages. They sought a declaratory judgment that the easement claimed by Donna and Cameron "is not valid and is of no force and effect" but, if an easement exists, that it be "designated to a reasonable form and manner so as to not unduly interfere with the activities of the servient estate." As already noted, our second opinion not only declared that the easements existed but specified their location on the ground. Following the issuance of our mandate, Donna and Cameron amended their pleading for injunction, damages, and attorney's fees.

Fuller and the Trust allege in an amended cross-petition, filed after our mandate issued, that Donna and Cameron should pay Fuller's attorney's fee because they claimed "unlimited rights" over the Fuller tract and that Fuller is entitled to recover actual and punitive damages because Donna and Cameron forced him to "defend his personal freedom," "threatened and harassed" him, and wrong-fully placed a lien against his property. Fuller also seeks to permanently enjoin Donna and Cameron from using any of the Fuller property, except the easement specified in our opinion, and from using the easement specified in our opinion until Donna and Cameron, at their expense, have it described by metes and bounds.

## HAS TRIAL COURT EVIDENCED AN INTENT TO INTERFERE WITH OUR JUDGMENT?

■ Donna and Cameron contend they are entitled to a writ of prohibition because Judge McDonald's statements at a discovery hearing evidence an intent to interfere with our judgment and mandate. For the reasons given below we do not agree.

At the hearing Fuller generally argued that Donna and Cameron had claimed in the first trial "broader rights" to an easement than they were later awarded on appeal and, for that reason, he is entitled the recover larger attorney's fees in the second trial. Donna and Cameron asserted, however, that any claim by Fuller for attorney's fees based on having defended against their easement claim is now precluded by res judicata. *See Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 629–31 (Tex.1992). They pointed out that Fuller did not seek attorney's fees in the first trial or preserve for appellate review any complaint relating to their denial.

■ Our judgment and mandate establish as a matter of law that Donna and Cameron have express easements across Fuller's tract and, furthermore, conclusively establish their location on the ground. These decisions are now binding on the trial court in all subsequent proceedings as the "law of the case." *See Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986). Nor can these issues be relitigated because of the doctrine of res judicata. *See Barr,* 837 S.W.2d at 628 n. 1.

Judge McDonald has not evidenced any intention of allowing Fuller to litigate whether an easement actually exists or its location. Thus, he has not evidenced any intent of allowing Fuller to disturb or interfere with our judgment and mandate in that regard.

■ Judge McDonald has indicated, however, that he will allow Fuller to litigate whether he is entitled to greater attorney's fees in the second trial because of allegedly having to defend against an overly broad easement claim in the first trial. Assuming that this issue is barred by res judicata, as Donna and Cameron contend, will litigating the barred issue disturb or interfere with our judgment and mandate?[2] Not in this instance.

■ The Supreme Court has specified the essential condition for using a writ of prohibition to resolve a claim of res judicata:

> The power of a court to enforce its jurisdiction does not include an authority to prevent the prosecution of any suit to which a judgment of the court may be an effectual bar, *but which ... makes no attempt to disturb it, or to interfere with its execution....*

*Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989) (orig. proceeding) (quoting *Milam County Oil Mill Co. v. Bass*, 106 Tex. 260, 264–65, 163 S.W. 577, 578–79 (1914)) (emphasis added). Thus, a writ of prohibition can only be used to prevent litigation of an issue barred by res judicata when the issue's litigation *will disturb or interfere with the higher court's judgment or its execution.* Otherwise, a complaint relating to an issue precluded by res judicata, when its litigation will not disturb or interfere with the prior judgment, must be resolved in a direct appeal. *Holloway*, 767 S.W.2d at 684.

Allowing Fuller to litigate an issue regarding his attorney's fees from the first trial—assuming it is an issue barred by res judicata—will not interfere with or disturb our judgment declaring the existence of an easement and its location. Any complaint Donna and Cameron have relating to the issue being barred by res judicata should be preserved and presented in a direct appeal.

■ A writ of prohibition is available to prevent a trial court from exceeding the scope of a limited remand:

> When the opinion and mandate of this court prohibit relitigation of some issues on remand, or direct that only some expressly severed issues or causes may still be litigated, and the parties and trial court attempt relitigation beyond that which was expressly permitted, a writ of prohibition will issue to prohibit relitigation.

*Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 366 (Tex.1985) (orig. proceeding). The writ is available because a trial court that allows the parties to litigate beyond the scope of a limited remand is interfering with that portion of the judgment limiting the remand. *See Hudson*, 711 S.W.2d at 630 (holding that a trial court is restricted to determining only the issues within the limited remand).

■ Donna and Cameron contend they are entitled to a writ of prohibition because Judge McDonald has evidenced an intent to allow Fuller to litigate issues that exceed the scope of our remand. The problem with their hypothesis is that our judgment and mandate did not limit the scope of the remand. Ours was a general remand. We merely remanded Donna's and Cameron's causes of action for injunctive relief, damages, and attorney's fees without expressing any intent to limit the remand in any way. *See id.* (holding that the intent to limit the remand "must clearly appear from the decision"). We neither expressly prohibited the trial court from litigating any particular issues nor expressly directed that only certain severed issues or causes could still be litigated on remand.

Fuller indicated through his counsel at the discovery hearing that he intends to litigate the issues raised in his cross-petition, including claims for injunctive relief, damages, and attorney's fees, and Judge McDonald has evidenced an intent to allow him to do so. However, none of the claims asserted by

2. We do not here decide or express an opinion on whether any particular issue that may be litigated under Fuller's cross-petition is or is not barred by res judicata. However, we commend to the trial court and the parties a careful reading of *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 (Tex.1992), for a basic understanding of res judicata and its application to issues not raised in a prior proceeding.

Fuller, even if litigated, will exceed the scope of our remand.

We therefore deny the petition for a writ of prohibition because Judge McDonald, Fuller, and his attorney have not evidenced an intent to disturb or interfere with our judgment or mandate. *See Jones*, 745 S.W.2d at 900. We deny the petition without prejudice to its refiling.