**GRAHAM SAVINGS AND LOAN ASSOCIATION, F.A., Appellant,**

v.

**Noel BLAIR and Anna Blair, Appellees.**

**No. 11–97–00420–CV.**

Court of Appeals of Texas, Eastland.

Jan. 21, 1999.

David L. Evans, Thomas M. Michel, Bourland, Kirkland, Seidler & Evans, Fort Worth, for appellant.

E. Glenn Gidel, Forth Worth, for appellees.

Before ARNOT, C.J., WRIGHT, J., and BOB DICKENSON, Senior Justice.[1]

1. Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting

## OPINION

W.G. ARNOT, III, Chief Justice.

Noel Blair and Anna Blair sued Graham Savings and Loan Association, F.A. and Jerry Caudle in connection with the construction of a residence. Caudle was the contractor, and Graham Savings provided the interim construction financing. The Blairs claimed that Caudle did not perform the construction work properly and that Graham Savings had improperly paid for work which was not done or which was done improperly. The Blairs sued under the Deceptive Trade Practices Act, TEX. BUS. & COM. CODE ANN. § 17.41 et seq. (Vernon 1987 & Pamph. Supp.1999), and, alternatively, claimed that Graham Savings had committed fraud.

The jury returned a verdict in favor of the Blairs. In its answer to actual damages, the jury had written 30,000.00 but lined through all of these numbers except the two zeros to the right of the decimal ( ~~30,000~~.00), noted 10—2 next to the answer, and then made marginal notes by the elements of damages they were to consider, totaling $7,600. The Blairs filed a motion to disregard the jury's answer which was granted by the trial court. The Blairs urged that their actual damages had been established as a matter of law. The trial court entered judgment for damages in excess of the amounts found by the jury.

Prior to submitting the case to the jury, Caudle had not filed an answer. After the evidence had closed but before the jury argument was made, Caudle filed an answer. The trial court entered a default judgment against Caudle. Graham Savings and Caudle appealed. Holding that the court improperly disregarded the jury findings and that a default judgment should not have been entered against Caudle when he had an answer on file, this court reversed and remanded the case against both defendants to the trial court. *Graham Savings and Loan Association, F.A. and Jerry Caudle v. Noel Blair and Anna Blair*, No. 11–96–00014–CV (Tex. App.—Eastland, May 29, 1997)(not reported).

by assignment.

On remand, the Blairs filed a motion to sever Jerry Caudle from the lawsuit. This motion was granted. The Blairs also asked for a determination of appellate attorney fees. A hearing was held; and the trial court awarded the following: $25,000 in attorney fees; $15,000 in the event of an appeal to the court of appeals; $9,000 in the event of an appeal to the supreme court by application for writ of error; and $4,000 in the event that a response to the application for writ of error to the supreme court is necessary. The trial court entered a final judgment on the original jury verdict with some modifications. Graham Savings appeals.

In its first point of error, Graham Savings argues that the trial court should not have entered judgment on the jury's verdict which was received before the cause was remanded to the trial court. We agree.

When an appellate court remands a cause, the effect is to remand the cause for a new trial on all the issues of fact, and the case is reopened in its entirety. *Gordon v. Gordon*, 704 S.W.2d 490 (Tex.App.—Corpus Christi 1986, writ dism'd). If a reversal is limited to particular fact issues, it must be clear from the court's decision. *Hudson v. Wakefield*, 711 S.W.2d 628 (Tex.1986). This entire case was expressly remanded with no instruction to modify or affirm the judgment in part. The trial court should have set the cause for a new trial on all of the issues of fact. Point of Error No. 1 is sustained.

Because we have sustained Graham Savings' first point of error, we need not address the remaining points of error. TEX. R.APP.P. 47.1. The judgment of the trial court is reversed, and the cause is remanded for trial on the merits.