**Opinion issued April 23, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00076-CV

————————————

## IN RE JOHN M. O'QUINN & ASSOCIATES PLLC D/B/A THE O'QUINN LAW FIRM AND MUSSLEWHITE & ASSOCIATES, P.C., Relators

———————————————————————————————————————

### Original Proceeding on Petition for Writ of Injunction/Prohibition[1]

———————————————————————————————————————

### MEMORANDUM OPINION

Relators John M. O'Quinn & Associates, PLLC d/b/a The O'Quinn Law Firm and Musslewhite & Associates, P.C. filed a Petition for Writ of Injunction/Prohibition seeking an order from this Court enjoining respondents/real

---

[1] There is a related direct appeal pending in this Court as Cause No. 01-12-000984-CV.

parties-in-interest[2] from "taking any action whatsoever . . . other than to seek dismissal with prejudice of their claims" in three judicial proceedings for the pendency of the direct appeal in Cause No. 01-12-00984-CV. We deny relators' petition.

## BACKGROUND

The parties here have a protracted history of litigation, which relators claim was finally and completely settled as to all parties and issues by a 2009 mediated Rule 11 Settlement Agreement. On October 12, 2012, the Harris County 190th District Court issued a final judgment. In this final judgment, the court found that the Rule 11 Settlement Agreement was not ambiguous, that "the parties have settled all matters that were in dispute or could have ever been in dispute between them," and that the settlement "was intended to resolve all pending litigation in all courts involving the parties . . . ." The respondents have appealed that final judgment to this Court, where it is currently pending as Cause No. 01-12-00984-CV. According to relators, real-parties-in-interest then filed suits essentially attacking the district court's judgment in three other courts, i.e., Harris County

---

[2] Walter L. Boyaki; Miranda & Boyaki; Ruben P. Hernandez; Modesto Fernandez Ramirez, on behalf of Victoria Penasco and the Estate of Angel Fernandez Ramirez; Martha Gonzalez Ramos, individually and as representative of Sheila Reyes Gonzalez; Jose DeJesus Reyes Gonzalez; Paulina Baltizar Ojeda; Maria Ojeda De Baltazar

2

Probate Court No. 2 and El Paso 205th District Court and El Paso 327th District Court.

Relators assert here that this "Court has dominant jurisdiction over the lawsuit, to the exclusion of the El Paso courts, and the Harris County Probate Court." They argue that an injunction against respondents is necessary because the continued "prosecution of the El Paso Parallel Litigation and the Parallel Probate Proceedings will directly interfere with the effectiveness of, and may substantially moot, any rulings by this Court."

## A. The Probate Court Proceedings

The Executor of John O'Quinn's estate filed a Plea in Abatement in the Harris County Probate Court No. 2 on the issue of dominant jurisdiction. The probate court held a hearing on the motion on February 5, 2013, during which the respondents argued that the probate court should wait to rule until this Court resolved relators' Petition for Writ of Injunction/Prohibition. The probate court nonetheless issued an "Order of Abatement" of those proceedings pending conclusion of the direct appeal of the 190th district court's final judgment.

In light of the probate court's order, relators in their reply brief concede that their request for relief with regard to the Harris County Probate Court proceedings is likely moot.

3

**B. The El Paso Court Proceedings**

Relators claim that "Real Parties in Interest have shown their intent to prosecute [the two El Paso District Court cases] by attempting to serve Relator Musslewhite with citation in those cases, as well as by attempting to serve the, now dead, John M. O'Quinn by serving Dale Jefferson who represents the estate." The record does not reflect any additional activity in the El Paso cases, and the relators have not requested that the El Paso district courts abate their proceedings.

## APPLICABLE LAW

A writ of prohibition in an appellate court is a limited purpose remedy. *In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding); TEX. GOV'T CODE § 22.221(a). The writ is used to protect the subject matter of an appeal or to prohibit an unlawful interference with enforcement of a superior court's judgment.[3] *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682 (Tex. 1989) (orig. proceeding); *Sivley v. Sivley*, 972 S.W.2d 850, 863 (Tex. App. —Tyler 1998, orig. proceeding). Prohibition is not appropriate if any other remedy, such as appeal, is available and adequate. *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 404 (Tex. App.—Tyler 2006, orig. proceeding).

"Thus, injunctive relief may be granted by this court if a failure to do so would result in the appeal becoming moot and the subject matter being destroyed."

---

[3] Similarly, the purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction. *Holloway*, 767 S.W.2d at 683.

4

*Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1982, no writ). "On the other hand, this court does not have jurisdiction to issue a writ of injunction merely for the purpose of preserving the status quo or to prevent loss or damage to one of the parties to the appeal." *Id*.

The supreme court has also admonished that an original proceeding is not "the appropriate vehicle for resolving a claim of res judicata." *Holloway*, 767 S.W.2d at 684.

> The power of a court to enforce its jurisdiction does not include an authority to prevent the prosecution of any suit to which a judgment of the court may be an effectual bar, but which . . . makes no attempt to disturb it, or to interfere with its execution. . . . The assumption of such right would invest a court not merely with the control of its own judgments and authority to enforce its jurisdiction, but with a further power to govern other courts in the exercise of their lawful jurisdiction; and the result would be that the issue of the conclusiveness of a judgment upon what is urged as a distinct cause of action could never be determined except by the court that rendered it.

*Id*. Accordingly, the remedy provided by our system, should a trial court fail to recognize the preclusive effect of a prior judgment, is an appeal. *Id*.

## ANALYSIS

Without considering when, or if, a writ of injunction/prohibition would be appropriate in this situation, we deny relators' request because they have not demonstrated that proceedings in the El Paso district courts pose a current threat to the subject matter of the direct appeal from the 190th district court's judgment. "A writ of prohibition, whose purpose is to prohibit a lower court from unlawfully

5

interfering with the enforcement of a higher court's judgments and orders, will not issue until the trial court evidences an intent to disturb or interfere with the higher court's judgment." *Jones v. McDonald*, 880 S.W.2d 260, 261 (Tex. App.—Waco 1994, orig. proceeding). The two El Paso district courts, which have not even been presented with a motion to abate, cannot be said to have "evidence[d] an intent to disturb or interfere" with the direct appeal pending in this Court. *Id*.

## CONCLUSION

Relators' petition is denied.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

6