

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00283-CV

IN THE MATTER OF THE MARRIAGE
OF KRISS RAY CAMP AND BELINDA GAIL CAMP

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 80593-D, Honorable Don R. Emerson, Presiding

July 18, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Kriss Camp, an indigent inmate appearing *pro se,* appeals the judgment of the trial court declaring his marriage to appellee Belinda Camp, n/k/a Belinda Ingram, void. We will affirm the judgment of the trial court.

Background

This is the second appeal of litigation concerning the relationship of Camp and Ingram. In 2011, in Camp's absence, the trial court rendered a divorce decree. On appeal, we found the trial court did not afford Camp a meaningful opportunity to participate in the trial and the error was harmful. We reversed the judgment and

remanded the case for a new trial.[1] Our mandate to the trial court stated in part, "Pursuant to the opinion of the Court, it is ordered, adjudged and decreed that the judgment of the trial court is reversed and this cause is remanded to the trial court for a new trial."

When the case was retried to the bench, Ingram amended her pleadings to present a claim that her marriage to Camp was void. The evidence showed Camp had an existing marriage at the time he and Ingram married and after the existing marriage ended in divorce Camp and Ingram did not live together as husband and wife.[2] Camp sought recovery of a pickup truck he transferred to Ingram. It appears undisputed that Camp owned the pickup at the time he and Ingram married. Ingram acknowledged, in response to a question from the trial court, that the pickup was not purchased during her marriage to Camp. Camp referred to the pickup as "mine" and stated it was "signed over [to Ingram] out of fraud."

In its judgment, the trial court declared the marriage void and ordered "that each party take as his or her sole and separate property all the property that is presently in

---

[1] *Camp v. Camp,* No. 07-11-00282-CV, 2012 Tex. App. Lexis 6473 (Tex. App.—Amarillo Aug. 3, 2012, no pet.) (mem. op.) (hereinafter *Camp I*).

[2] Texas Family Code section 6.202 provides:

(a) A marriage is void if entered into when either party has an existing marriage to another person that has not been dissolved by legal action or terminated by the death of the other spouse.

(b) The later marriage that is void under this section becomes valid when the prior marriage is dissolved if, after the date of the dissolution, the parties have lived together as husband and wife and represented themselves to others as being married.

TEX. FAM. CODE ANN. § 6.202(a),(b) (West 2006).

his or her possession." Findings of fact and conclusions of law were neither requested nor filed. Camp's motion for new trial was apparently overruled by operation of law. This appeal followed.

## Analysis

The evidence developed at the short trial on remand is sparse and Camp's argument on appeal is difficult to follow. As we see it, the fundamental premise of Camp's complaint is the trial court failed to execute our mandate on remand by not affording him a proper trial. By this Camp means Ingram's action to declare the marriage void exceeded the scope of our mandate in *Camp I.* He also contends he did not receive notice of the trial date required by rule, and was unable to call witnesses to prove Ingram defrauded him into transferring the title to his pickup truck to her. In passing, he also complains of *ex parte* communication between Ingram's *pro bono* counsel and the trial court "to influence the hiding of the facts," aggravated perjury by Ingram, the absence of necessary documents from the clerk's record, "fraud on the court" by Ingram, and "constitutional error" apparently implicating due process.

The Scope of Retrial

Concerning our mandate and specifically the scope of retrial, Camp misconstrues the effect of our opinion in *Camp I.* He asserts the scope of our mandate prohibited the trial court from considering Ingram's amended pleadings to declare the marriage void. Rather, in his estimation the trial court was bound to retry the prior petition for divorce and division of the marital estate.

3

When a trial court receives an appellate court's mandate, it has a mandatory, ministerial duty to enforce the appellate court's judgment. *In re Richardson,* 327 S.W.3d 848, 850 (Tex. App.—Fort Worth 2010, orig. proceeding) (citing TEX. R. APP. P. 51.1(b) and *In re Marriage of Grossnickle,* 115 S.W.3d 238, 243 (Tex. App.—Texarkana 2003, no pet.)). In *Camp I* we placed no limitation on the retrial on remand. Thus the case was reopened in its entirety. *In re Estate of Crenshaw,* No. 07-00-0127-CV, 2000 Tex. App. LEXIS 4935, at *4 (Tex. App.—Amarillo July 26, 2000, no pet.) (not designated for publication) (citing *University of Texas v. Harry,* 948 S.W.2d 481, 483 (Tex. App.—El Paso 1997, no writ) (stating remand is generally unlimited in scope and the cause is "reopened in its entirety" unless the opinion expressly states to the contrary)); *Graham S&L Ass'n, F.A. v. Blair,* 986 S.W.2d 727, 729 (Tex. App.—Eastland 1999) ("If a reversal is limited to particular fact issues, it must be clear from the court's decision" (citation omitted)). Therefore, so long as Ingram complied with the applicable procedural and substantive requirements, she was free on retrial to amend her pleadings to seek a declaration that the marriage was void. TEX. FAM. CODE ANN. § 6.307(a) (West 2006). Nothing in the record indicates the trial court failed to properly execute our mandate. The issue is overruled.

Lack of Forty-Five Days' Notice of Trial and Absent Witness Testimony

In part, rule of civil procedure 245 states "the court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial . . . ." TEX. R. CIV. P. 245. Rule of evidence 103(a)(2) provides "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . .

4

In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." TEX. R. EVID. 103(a)(2). In order to preserve a complaint on appeal, appellate rule 33.1(a) requires both the presentation of a complaint to the trial court and an express or implicit ruling. TEX. R. APP. P. 33.1(a).

Camp filed an answer to Ingram's pleadings to declare their marriage void, and was present and participated in the trial. He does not point us to, nor do we find, any place in the record at which he timely objected to the adequacy of notice of the trial setting, made the court aware of the identity of the witnesses he wished to present or made an offer of proof sufficiently summarizing the expected testimony of the absent witnesses. Accordingly, these complaints are waived. TEX. R. APP. P. 33.1(a); *see Stallworth v. Stallworth,* 201 S.W.3d 338, 346 (Tex. App.—Dallas 2006, no pet.) (explaining a party waives any complaint of error resulting from a trial court's failure to afford proper notice under rule 245 by proceeding to trial and not objecting to lack of notice); TEX. R. EVID. 103(a)(2) (offer of proof); *Bosch v. Cedar Vill. Townhomes Homeowners Ass'n, Inc.,* No. 01-09-00654-CV, 2011 Tex. App. LEXIS 804, at *16-17 (Tex. App.—Houston [1st Dist.] Feb. 3, 2011, no. pet.) (mem. op.) ("When a trial court improperly excludes evidence, a party must show that the error affects a substantial right of the party and the substance of the error was made known to the court by offer or was apparent from the context in which questions were asked. A party must present the nature of the evidence with enough specificity that an appellate court can determine its admissibility and whether any exclusion was harmful" (citations omitted)); *Akin v. Santa Clara Land Co.,* 34 S.W.3d 334, 339 (Tex. App.—San Antonio 2000, pet. denied)

("The failure to make an offer of proof containing a summary of the excluded witness's intended testimony waives any complaint about the exclusion of the evidence on appeal"); *see In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003) ("[r]equiring parties to raise complaints at trial conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds").

Moreover, even had Camp preserved his lack of adequate notice of trial complaint, it would have no merit. The case was called for trial on May 13, 2013. When the court discovered Ingram's void-marriage claim was not alleged in her live pleading it continued the case so a proper pleading might be filed with an opportunity for Camp to answer. As noted, Camp filed pleadings in response to the void-marriage pleading. Trial then occurred on June 12, 2013.

The forty-five day notice requirement of civil rule 245 applies only to the first trial setting. TEX. R. CIV. P. 245. Camp complains here of notice of the June 12 setting. Notice of subsequent settings is not subject to a specific time standard but must be "reasonable." *See Osborn v. Osborn,* 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) (parties are entitled to reasonable notice under rule 245 of subsequent trial settings); *State Farm Fire & Cas. Co. v. Price,* 845 S.W.2d 427, 432 (Tex. App.—Amarillo 1992, writ dism'd by agr.) (explaining by "the clear language of rule 245," the forty-five day notice requirement applies only to the first trial setting). A trial court is presumed to hear a case only on proper notice to the parties. *Custom-Crete v. K-Bar Servs., Inc.,* 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.) The presumption is rebuttable. *Id.* But Camp has not shown his notice of the June 12 setting was unreasonable. The issue is overruled.

6

Fraud

As noted, Camp sometimes used the term "fraud" in his statements during trial regarding his transfer of his pickup to Ingram. He did not assert a counterclaim for fraud against Ingram, and on appeal he does not expressly contend the trial court erred by failing to find she defrauded him. Nonetheless it is clear to us that Ingram's retention of the pickup is Camp's major complaint of the outcome of the trial. He claims Ingram persuaded him to transfer title to the pickup for the vehicle's "protection" while he was incarcerated. Having reviewed the record,[3] we do not hold that Camp and Ingram litigated a claim that his transfer of the pickup was induced by fraud.[4] To any extent, however, that Camp's contentions on appeal depend on that argument, we hold the trial court did not err by failing to accept it.[5] As trier of fact the trial court was the exclusive judge of the credibility of the witnesses, was entitled to believe one witness over another, and could resolve any conflicts in the testimony. *Sanders v. Total Heat & Air, Inc.,* 248 S.W.3d 907, 917-18 (Tex. App.—Dallas 2008, no pet.). The issue is overruled.

---

[3] We note also that in our effort to understand thoroughly the issues Camp brings before us we have taken judicial notice of and considered the contents of documents Camp has submitted in the mandamus proceeding he initiated against the trial court judge. *In re Camp,* No. 07-13-00265-CV, 2014 Tex. App. LEXIS 6965 (Tex. App.—Amarillo June 25, 2014, orig. proceeding) (mem. op.).

[4] Nor do we hold they did not litigate such a claim. The question simply is not before us.

[5] Camp does not couch his argument in terms of a challenge to the court's disposition of the parties' property. *See, e.g.*, *Ratliff v. King*, No. 03-08-00424-CV, 2009 Tex. App. LEXIS 7040, at *12-13 (Tex. App.—Austin Aug. 31, 2009, no pet.) (mem. op.) (reviewing division of property of void marriage, citing *Dean v. Goldwire,* 480 S.W.2d 494, 496 (Tex. Civ. App.—Waco 1972, writ ref'd n.r.e.)). Even were we to address his argument as such a challenge, we could not find the trial court abused its discretion by giving effect to the transfer of title to the pickup to Ingram.

Other Complaints

Camp's previously noted other complaints were made in passing and are simply not sufficiently presented for review. TEX. R. APP. P. 38.1(f),(i). Therefore they are waived. *Gray v. Nash,* 259 S.W.3d 286, 294 (Tex. App.—Fort Worth 2008, pet. denied) (finding issues waived due to inadequate briefing). *Pro se* litigants are not exempt from the rules of procedure. *Pena v. McDowell,* 201 S.W.3d 665, 667 (Tex. 2006) (per curiam); *Wheeler v. Green,* 157 S.W.3d 439, 444 (Tex. 2005) (per curiam).

## Conclusion

Any additional relief requested by Camp during the pendency of this appeal and carried with the case is denied. The judgment of the trial court is affirmed.


James T. Campbell
Justice