**Petition for Writ of Mandamus Conditionally Granted, in Part, and Denied, in Part, and Memorandum Opinion filed November 8, 2016.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-16-00645-CV

## IN RE DSTJ, L.L.P., SUCCESSOR TO DSTJ CORPORATION, AND MILESTONE OPERATING, INC., Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**60th District Court**
**Jefferson County, Texas**
**Trial Court Cause No. A-172,979**

## MEMORANDUM OPINION

Relators, DSTJ, L.L.P., successor to DSTJ Corporation, and Milestone Operating, Inc., seek mandamus relief in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. Relators ask this court to

compel the Honorable Gary Sanderson, presiding judge of the 60th District Court of Jefferson County, to set aside his (1) May 20, 2014 order limiting trial on remand to the issue of ratification; and (2) July 19, 2016 order denying relators' motion to quash the deposition of the corporate representative for third-party ExxonMobil Corporation.[1]  We conditionally grant the petition, in part, and deny it, in part.

## BACKGROUND

The underlying dispute involves the determination of ownership of certain mineral leases located in Jefferson County, Texas.  DSTJ engages in oil and gas exploration and production.  Real parties in interest M & M Resources, Inc., Energy Land Resources a/k/a Energy Land Resources Land Services ("ELR"), A.M. Phelan III, the president of M & M, and Daniel Phelan are landmen.

M & M claimed that it obtained oil, gas, and mineral leases from a number of mineral owners in various tracts of land in Jefferson County, and that it assigned twenty-one leases to DSTJ.  According to M & M, it was to receive an override royalty from DSTJ for any oil and gas production from the leased tracts, but DSTJ failed to make royalty payments, constituting a default under the assignment. M & M asserted that DSTJ's default allowed it to terminate the assignment.

---

[1] Relators originally filed their petition for writ of mandamus in the Beaumont Court of Appeals on August 15, 2016.  The case was transferred to this court pursuant to order of the Texas Supreme Court.  We conclude that the disposition of the petition would be the same under precedent of the Beaumont Court of Appeals and precedent of this court.  *See* Tex. R. App. P. 41.3.

DSTJ contended that it engaged the services of M & M, ELR, and the Phelans on its behalf to lease certain mineral properties located in Jefferson County. DSTJ alleged that, although it was not necessary to take the leases in any name other than DSTJ, the leases were taken in M & M's name. M & M, ELR, and the Phelans forwarded the assignment, which had been recorded previously, to DSTJ. DSTJ rejected the assignments based on the form and provisions of the assignment.

On July 28, 2004, M & M filed a petition for declaratory judgment against DSTJ, seeking a judgment that (1) the assignment was terminated in its entirety; (2) any title, right, or interest DSTJ held in the leases was terminated; and (3) M & M owned all title, rights, and interests in all equipment, personal property, and fixtures located on, held, or used in connection with the leases.

DSTJ filed an original answer and asserted a number of affirmative defenses, including the statute of frauds. DSTJ also alleged counterclaims against M & M and third-party claims against ELR and the Phelans. M & M pleaded a number of affirmative defenses to DSTJ's counterclaims, including ratification. ELR alleged that it owned an undivided interest in the minerals that were subject to a lease. ELR asserted that the lease obligated DSTJ and/or Milestone to commence drilling operations by May 2003, or pay delay rentals, but relators failed to do either.

Milestone, the operator that drilled one of the wells on the disputed leases, filed a petition in intervention and a petition in interpleader. Milestone alleged that it held funds to which M & M and DSTJ had competing claims, and deposited the

3

funds into the registry of the court. M & M opposed Milestone's intervention into the case because Milestone was not an innocent stakeholder, but was DSTJ's alter ego.

M & M, as plaintiff, filed a traditional motion for partial summary judgment, in which it argued that DSTJ had breached the terms of the assignment by failing to make royalty payments. M & M, ELR, and the Phelans also filed a traditional motion for partial summary judgment in their capacity as counter-defendant and third-party defendants. The trial court did not rule on the summary judgment motions at that time. The case went to trial in May 2009, but ended in a mistrial.

On October 9, 2009, the trial court signed an order granting plaintiff M & M's first amended motion for partial summary judgment. The trial court ordered and declared that (1) the assignment had terminated; (2) any right, title, or interest held by DSTJ in the leases had terminated; (3) DSTJ's right, title, or interest in all equipment, personal property, and fixtures located on or held or used in connection with the leases had terminated; and (4) M & M had right, title, and interest in all such equipment, personal property, and fixtures. The trial court further directed the clerk to pay M & M $1,041.37, plus interest, which represent the overriding royalties that Milestone had interpleaded into the registry of the court. The order did not explain the basis on which the trial court was granting partial summary judgment.

The trial court also signed an order granting counter-defendant M & M's first amended motion for partial summary judgment. The trial court ordered that DSTJ take-nothing by way of its counterclaims asserted against M & M, but did

4

not explain the basis on which it granted partial summary judgment. The trial court did not enter summary judgment in favor of ELR.

In February 2011, the case proceeded to trial for a second time on the remaining claims. The jury found that (1) ELR had breached its fiduciary duties to relators, but awarded no damages to DSTJ; and (2) M & M had incurred reasonable attorney's fees in the amount of $386,700 from July 28, 2004, to November 9, 2009, and $59,880 from November 10, 2009, to entry of judgment, and costs in the amount of $53,700. The trial court signed a final judgment on March 9, 2011, which incorporated the summary judgment orders and the jury's verdict. Under the final judgment, the trial court order that DSTJ take nothing on its claims against M & M, ELR, and the Phelans, and that M & M recover $386,000 in attorney's fees and $53,700 in costs.

All parties appealed the final judgment to the Beaumont Court of Appeals. *See DSTJ, L.L.P. v. M & M Res., Inc.*, No. 09-11-00292-CV, 2012 WL 2450820 (Tex. App.—Beaumont June 28, 2012, pet. denied) (mem. op.). On appeal, relators argued that the trial court erred by granting M & M's partial motion for summary judgment because the statute of frauds precluded enforcement of the overriding royalty provision in the assignment. *Id.* at \*5. The court of appeals found this issue dispositive and reversed the order granting summary judgment in favor of M & M because there was a genuine issue of material fact on whether DTSJ had ratified or accepted the assignment, thereby removing it from the purview of the statute of frauds. *Id.* at \*7. It was not necessary for the court to reach the parties' other issues. *Id.* The trial court "reverse[d] the trial court's final

5

judgment, which was entered after the remaining issues were tried on the merits, and . . . remand[ed] for further proceedings consistent with this opinion." *Id.* at *8.

The court of appeals issued its mandate on February 28, 2013. On January 22, 2014, relators filed a motion to enforce the mandate and the general remand. Relators argued that the remand was a general remand, which reopened the entire case. M & M argued that ratification was the only issue before the trial court on remand. On May 20, 2014, the trial court signed the order denying relators' motion to enforce mandate and general remand, and granting M & M's request to limit the issues at trial on remand to ratification.

M & M sought additional discovery on the issue of ratification. On September 17, 2014, M & M filed a motion to compel four depositions, including the deposition of a designated representative of ExxonMobil Corporation. The trial court held a hearing on the motion to compel on October 16, 2014, and signed an order granting the motion to compel the four depositions on October 21, 2014.

M & M noticed the depositions for summer 2016, with the deposition of ExxonMobil's corporate representative noticed for July 14, 2016. Relators filed a motion to quash the ExxonMobil deposition. The trial court held a hearing on relators' motion to quash the ExxonMobil deposition on July 19, 2016, and signed the order denying relators' motion that day.

Relators seek mandamus relief from the May 20, 2014 order denying their motion to enforce the mandate, and the July 19, 2016 order denying their motion to quash the deposition of ExxonMobil's representative.

## STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

ANALYSIS

Relators contend that the trial court abused its discretion by limiting the issue for trial on remand to ratification, contrary to the court of appeals' mandate for a general remand. "Generally, when an appellate court reverses and remands a case for further proceedings, and the mandate is not limited by special instructions, the effect is to remand the case to the lower court on all issues of fact, and the case is opened in its entirety." *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 392 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *see also Univ. of Tex. Sys. v. Harry*, 948 S.W.2d 481, 483 (Tex. App.—El Paso, 1997, no writ) "When we remand a cause to the trial court for a new trial, the remand generally is unlimited in scope and the cause is reopened in its entirety."). When the appellate court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that issue. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986); *Celtic Props., L.C. v. Cleveland Reg'l Med. Ctr., L.P.*, No. 09-13-00464-CV, 2105 WL 4600661, at *3 (Tex. App.—Beaumont July 31, 2015, no pet.) (mem. op.). For a reversal to be limited to particular fact issues, it must be clearly apparent from the decision that the appellate court intended to do so. *Hudson*, 711 S.W.2d at 630. The scope of the mandate is determine by looking to both the mandate and the opinion. *Id*; *Celtic Props., L.C.*, 2015 WL 4600661, at *3.

The Beaumont Court of Appeals' mandate states, in relevant part:

This Court has concluded there was error in the judgment. It is therefore ordered that the judgment of the Court below is reversed and

8

the cause remanded to the trial court. The trial court's judgment is **REVERSED AND REMANDED**. All costs of the appeal are assessed against the appellees. A copy of this judgment shall be certified below for observance.

Here, the mandate does not contain any language limiting the scope of the remand to ratification or any other specific issue. In the absence of any limitation of the remand to the issue of ratification, the remand was a general remand.[2]

In the trial court, M & M argued that the scope of remand was limited to ratification because that was the only issue that the court of appeals addressed. M & M, however, does not address that argument in its response to the petition. Instead, M & M raises two new arguments in response to relators' petition.

---

[2] *See Mattox v. Cty. Comm'rs' Ct.*, 389 S.W.3d 464, 474 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (holding that, because the mandate, judgment, and opinion did not limit the scope of remand with special instructions, the court's reversal and remand for further proceedings was a general remand, and the parties were free to raise new issues and arguments on remand); *Maswoswe v. Nelson*, No. 09-11-00639-CV, 2012 WL 1448575, at \*2 (Tex. App.—Beaumont Apr. 26, 2012, no pet.) (mem. op.) ("Nothing in our opinion or judgment limited the scope of remand. . . Consequently, [appellees] were free to amend their pleadings and add new claims[.]"); *Manon v. Solis*, 142 S.W.3d 380, 386 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding that, because the opinion and mandate did not provide any special instruction to the trial court on remand, the case was remanded for a new trial on all issues of fact, and the case was reopened in its entirety); *Graham Sav. & Loan Ass'n, F.A. v. Blair*, 986 S.W.2d 727, 729 (Tex. App—Eastland 1999, no pet.) ("This entire case was expressly remanded with no instruction to modify or affirm the judgment in part. The trial court should have set the cause for a new trial on all of the issues of fact."); *Jones v. McDonald*, 880 S.W.2d 260, 263 (Tex. App.—Waco 1994, orig. proceeding) (holding that remand was a general remand because the appellate court's judgment and mandate "neither expressly prohibited the trial court from litigating any particular issues nor expressly directed that only certain severed issues or causes could still be litigated on remand"); *Price v. Gulf Atl. Life Ins. Co.*, 621 S.W.2d 185, 186–87 (Tex. Civ. App.—Texarkana 1981, writ ref'd n.r.e.) (holding that remand was not a partial remand because "[n]owhere was it directed or suggested that the remand was to be anything but a general one").

First, M & M asserts that, because relators waited more than two years from the trial court's May 20, 2014 order denying the motion to enforce the mandate, relators' request for relief is barred by laches. Mandamus is not issued as a matter of right, but at the discretion of the court. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Id.* One such principle is that equity aids the diligent and not those who slumber on their rights. *Id.* Whether a party's delay in asserting its rights precludes mandamus relief depends on the circumstances. *In re Oceanografia, S.A. de C.V.*, 494 S.W.3d 728, 730 (Tex. 2016) (orig. proceeding) (per curiam).

According to the mandamus record, the next order the trial court entered was the October 21, 2014 order, granting M & M's motion to compel depositions related to the issue of ratification. M & M waited until the summer of 2016 to set the deposition of ExxonMobil's representative for July 14, 2016—two months prior to the September 12, 2016 trial date. Under these circumstances, laches is not a bar to challenging the May 20, 2014 order denying relators' motion to enforce the mandate.

M & M contends, in the alternative, that even if laches does not apply, the trial court had discretion to order a separate trial on any claim under Rule 174(b) of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 174(b). Rule 174(b) provides the following:

> **Separate Trials.** The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim,

10

counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

Tex. R. Civ. P. 174(b).

M & M argues that relators cannot show that the trial court abused its discretion in light of the broad discretion the court has under Rule 174(b). M & M does not explain how Rule 174(b) is relevant to the underlying case. Here, the trial court disposed of all claims in the March 2011 final judgment, which included the jury verdict and in the partial summary judgment orders. The court of appeals' mandate remanded every claim to be retried, and the trial court's order did not indicate that the court intended to try all issues other than ratification at another time. Therefore, M & M's argument is without merit. We conclude that the trial court abused its discretion by limiting the trial to the issue of ratification because the mandate imposed no such limitation on remand.

We must also determine whether relators have an adequate remedy by appeal. Among the factors we consider in determining whether an adequate remedy by appeal exists is whether mandamus will preserve important substantive and procedural rights from impairment or loss. *See Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. Mandamus is necessary in this case to preserve relators' important substantive right to have the entire case retried on remand as the Beaumont Court of Appeals directed in its mandate. We also consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.* Entry of a judgment based only on ratification after the third trial in this case, which has been pending

11

since 2004, would be contrary to the court of appeals' mandate. Such error would result in the eventual reversal of that judgment and necessitate a fourth trial. *See In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding) (relator was not required to perfect a second interlocutory appeal to require the trial court to give effect to the appellate court's judgment and mandate). We conclude that relators do not have an adequate remedy by appeal.

## CONCLUSION

In summary, we hold that the Beaumont Court of Appeals' mandate is a general remand. Therefore, (1) the trial court abused its discretion by denying relators' motion to enforce the court of appeals' mandate and limiting trial on remand to the issue of ratification; and (2) relators do not have an adequate remedy by appeal. *See Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992) (orig. proceeding) (holding that mandamus is available when the trial court does not comply with the higher court's mandate; *In re Elite Door & Trim, Inc.*, 362 S.W.3d 199, 201 (Tex. App.—Dallas 2012, orig. proceeding) (same).

Accordingly, we conditionally grant the petition for writ of mandamus, in part, and direct the trial court to (1) vacate its May 20, 2014 order, which denies relators' motion to enforce the mandate and limits trial on remand to the issue ratification; and (2) enter an order granting relator's motion to enforce mandate as a general remand. The writ will issue only if the trial court fails to comply with this opinion.

We deny relators' petition regarding the trial court's July 19, 2016 order compelling the deposition of ExxonMobil's corporate representative without

regard to the merits and without prejudice to refiling, if necessary.  We further lift our stay entered on August 18, 2016.



/s/    Ken Wise
Justice


Panel consists of Justices Boyce, McCally, and Wise.